ELLIS, Judge.
Plaintiff Milton Osborne, Jr. alleges in his petition that defendant Lionel Christophe filed a complaint with the Committee on Professional Responsibility of the Louisiana State Bar Association, in which defendant falsely accused plaintiff of having stolen property from him. It is further alleged that, as a result of the complaint, the Committee conducted an investigation thereof, and that a decision was rendered dismissing the complaint on the ground that it “was not of such a nature to warrant further action by said Committee.” Plaintiff further alleges that defendant acted maliciously and without probable cause in filing the said complaint, and that, as a result, defendant is “guilty of malicious prosecution, maliciously putting the law in motion and of defaming your petitioner.”
To the petition, defendant filed an exception of no cause of action for the following reasons:
“a. The allegations of ultimate fact do not disclose any malice or intent to defame the plaintiff;
“b. The Committee on Professional Responsibility of the Louisiana State Bar Association has organized a system of complaints from laymen who believe they have been wronged by attorneys practicing in the state;
“c. By its nature, the system does not punish complainants but offers a tribunal to air their grievances.”
After hearing arguments on the exception, judgment was rendered sustaining the exception as to the cause of action for defamation, and overruling the exception as to the cause of action for malicious prosecution. Judgment was signed dismissing the cause of action “as pertaining to defamation.” From that judgment, plaintiff has appealed. Defendant has answered the appeal asking that the exception be maintained as to the cause of action for malicious prosecution, and the case be dismissed in its entirety.
In the case of Bailey v. Texas Pacific Coal and Oil Company, 134 So.2d 339 (La.App.3rd Cir. 1961), in dealing with a similar situation, the court said:
“[1] We think the jurisprudence of this State has been established to the effect that a suit will be dismissed on exceptions of no right or no cause of action where the allegations of fact contained in the petition adequately set forth a right and a cause of action as to any part of plaintiff’s demands. (Citations omitted)
“[2] We are aware of the fact that there is also a line of jurisprudence which holds that where two separate and distinct demands are set up in the same suit, an exception of no cause or right of action may lie to eliminate the one while the other is maintained. (Citations omitted)
“[3] In the instant suit both of plaintiff’s demands are based on one incident, or upon one set of facts, and it appears to us that the same evidence would be required to support either or both of those demands. We think, therefore, that the petition does not set out two separate and distinct demands, but rather it sets out one cause of action on which plaintiff bases his demand for two different types of relief. Under those circumstances we are convinced that exceptions of no cause and no right of action may not be employed to eliminate one demand while the other is maintained. For that reason, we feel that the general rule hereinabove first set out must be applied, and since the petition adequately sets forth a right and a cause of action as to a part of plaintiff’s demands, the exceptions of no right or cause of action must be overruled.”
We agree that the exception of no cause of action cannot be used to eliminate *136 issues or theories in a case in which the facts are alleged sufficient to set forth a cause of action on any theory. The exception should have been overruled.
By answer to the appeal, defendant asks that we review that part of the judgment overruling is exception as to the malicious prosecution cause of action. This is, of course, an interlocutory judgment, not reviewable on appeal.
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings in accordance with the law. Defendant shall pay all costs of this appeal, with all other costs to await final disposition of the case on its merits.
REVERSED AND REMANDED.