CHIASSON, Judge.
Pennzoil Company and Pennzoil Producing Company (Pennzoil) move to dismiss the answer to appeal filed on behalf of P.H.A.C. Services, Inc. (P.H.A.C.) in the consolidated matter styled P.H.A.C. Services, Inc. versus Seaways International, Inc. (Seaways), *116 Pennzoil Company and Pennzoil Producing Company.
In September of 1978, P.H.A.C. filed a suit against Pennzoil and Seaways for a money judgment and recognition of its lien against certain property belonging to Pennzoil. In response, Pennzoil filed an exception of no right of action and an exception of no cause of action asserting in both that P.H.A.C. had no lien rights under any applicable State law.
The trial court found that, although P.H. A.C. was not entitled to a lien under La.R.S. 9:4502 or La.R.S. 9:4801, it did have a lien right under La.R.S. 9:4861.
A judgment was signed by the trial court on December 1, 1978, maintaining the exceptions of no cause and no right of action and dismissing P.H.A.C.’s claims under La. R.S. 9:4801 and La.R.S. 9:4502, but overruling the exceptions as to the claim under La.R.S. 9:4861.
Subsequently, the case was tried and judgment was rendered granting P.H.A.C. a lien pursuant to La.R.S. 9:4861. Pennzoil appealed this judgment and now contends that P.H.A.C. should not be allowed to make reference in its answer to appeal to the judgment on the peremptory exceptions since appellee failed to appeal that judgment within the time delays provided by law. Appellants further contend that ap-pellee’s answer to appeal should be dismissed since it was filed untimely.
La.C.C.P. art. 862 provides that “. .. a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. ...” In the official revision comments to this article it is stated that “. .. this article, .. .suppresses the harsh and unduly technical ‘theory of the case’ doctrine in Louisiana, under which the litigant must select a theory of his case or defense and adhere to it throughout the litigation. ...”
In Royal Furniture Company of Baton Rouge v. Benton, 260 La. 527, 256 So.2d 614 (1972), the Louisiana Supreme Court, quoting La.C.C.P. arts. 891[1] and 862, held that “(W)e have repudiated the theory-of-the-case pleading of the common law.”
In a recent case, as yet unpublished, Chief Judge Ellis held: “We agree that the exception of no cause of action cannot be used to eliminate issues or theories in a case in which the facts are alleged sufficient to set forth a cause of action on any theory.” Osborne v. Christophe, 380 So.2d 134, (La. App. 1st Cir. 1979).
The exceptions filed herein were aimed at having the suit dismissed. The sole issue presented to the trial judge was whether appellee’s petition stated a cause of action under any applicable law. Once the trial judge found that the petition stated a cause of action he should have dismissed or overruled the exception entirely. The exception could not be dismissed and at the same time maintained because it cannot be divided to cover different theories of a single cause of action.
Additionally, Code of Civil Procedure Article 2164 mandates that the appellate court “shall render any judgment which is just, legal, and proper upon the record on appeal.” (Emphasis supplied). Under this article appellee can argue any theory of law to support his cause of action.
We treat appellee’s answer to appeal to apply to the final judgment rendered upon the merits of the case on July 9,1979, and it is therefore timely.
For these reasons the motion to dismiss appellee’s answer to the appeal is denied at appellants’ costs.
DENIED.

. La.C.C.P. art. 891 provides:
“The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based; and shall conclude with a prayer for judgment of the relief sought. Relief may be prayed for in the alternative.”