425 So.2d 938 (1983)
Thomas TOMMASEO
v.
Deborah Guidroz TOMMASEO.
No. CA-0145.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1983.
Edmond H. Fitzmaurice, Jr., Covington, for plaintiff-appellee.
Bruce G. Reed, New Orleans, for defendant-appellant.
Before REDMANN, WARD and LOBRANO, JJ.
WARD, Judge.
This appeal arises from a suit for divorce that Thomas Tommaseo filed against his wife Deborah Guidroz in the Thirty-Fourth Judicial District Court. Deborah Guidroz objected to the jurisdiction of the Court because, she claims, there had not been service of process. She filed a declinatory exception but the Trial Judge dismissed the exception and after a trial on the merits, judgment was rendered against her.
The issues in this appeal are two: Was there service of process, either personal or *939 domiciliary, on Deborah Guidroz? If there was not, has Deborah Guidroz waived service?
We hold there was neither service of process nor waiver of service. We also hold that all proceedings are null, and we reverse.
The significant events in this lawsuit began July 10, 1981, when Thomas Tommaseo filed his petition for divorce. On July 17, 1981, a deputy sheriff served a copy of both the citation and the petition on Deborah Guidroz's brother, Sgt. Edward W. Guidroz, Jr., at his office in Jackson Barracks in the City of New Orleans. The deputy sheriff endorsed a copy of the citation, on the back:
On the 17th day of July, 1981 served a copy of the within citation and accompanying petition Deborah Guidroz Tommaseo by personal service on Sgt. Guidroz. Return same day.
The deputy sheriff signed it in the appropriate place.
No one seriously contends that this was service of process by personal service described by LSA-C.C.P. Article 1232. Yet counsel for Thomas Tommaseo contends that this was domiciliary service as defined by LSA-C.C.P. Art. 1234.
Art. 1234. Domiciliary service
Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing therein as a member of his domiciliary establishment.
The deputy sheriff's endorsement is otherwise and specific. His return on the back of the citation indicates service was "by personal service on Sgt. Guidroz". Counsel for plaintiff contends that the copy of citation and service of process is not part of the record; yet by law it must be.
Art. 1292. Sheriff's return
The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.
Further, Counsel for Deborah Guidroz referred to it as part of record of these proceedings when he examined Sgt. Guidroz during the trial. Tr. p. 51.
If this were merely a clerical error, the Trial Court "may allow any process or proof of service thereof to be amended,...." LSA-C.C.P. Art. 1292, supra, and Counsel contends that the Trial Court correctly amended the sheriff's return to show domiciliary service, and he argues, unconvincingly, that Deborah Guidroz lived with her brother Sgt. Edward Guidroz when suit was filed. The record does not show the Trial Court amended the service, but even if it did, we are not convinced the Trial Judge may amend the service without a hearing, and in the absence of a hearing, without some proof that the error is merely a clerical error since the return cannot be amended if "material prejudice would result to the substantial rights of the party against whom the process issued." LSA-C. C.P. Art. 1292, supra. The record not only does not show an amendment, it does not show either a hearing or evidence to support an amendment to the return.
Moreover, even if the Trial Judge had amended the return, the amendment would not cure the lack of compliance with Art. 1234 which requires that domiciliary service be made "at the dwelling house or usual abode of the person to be served...." Although on October 13, 1981, the Trial Court dismissed the declinatory exception, on the date of trial, July 1, 1982, in unusual proceedings during trial, the Trial Court permitted counsel for Deborah *940 Guidroz to reurge his declinatory exception and to produce evidence, the testimony of Sgt. Guidroz, to show that service was made to him at his office. Sgt. Guidroz testified not only that service was made at his office but also that Deborah Guidroz did not live with him.
Considering the return on the service and the testimony during trial, it is clear that there was not domiciliary service. We therefore conclude there was not service of citation either by personal or domiciliary service, and the Trial Judge erred when he did not maintain the declinatory exception.
Because there was not service of citation, the Trial Court did not have jurisdiction over the defendant. La.C.C.P. Art. 6 provides:
Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for service of process;
* * * * * *
(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.
Counsel for Thomas Tommaseo relies upon this same Article, particularly paragraph 3, and on Art. 7, and claims there was an implied waiver of objection to the jurisdiction. La.C.C.P. Art. 7 provides:
Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
* * * * * *
When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance.
These are the significant facts relied upon by counsel for Thomas Tommaseo to prove waiver. After the filing of the petition and after the service of the citation and petition on Deborah Guidroz's brother, counsel for Deborah Guidroz on July 31, 1981, filed a motion for extension of time within which to plead. The motion was granted, and the Trial Court extended the time until September 4, 1981.
On August 3, 1981, before the expiration of the extension of time, counsel for Thomas Tommaseo filed a notice to take depositions of his wife and others and, at his request, subpoenas were issued by the Court ordering them to appear for the depositions. La.C.C.P. Art. 1437 provides that "[a]fter commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition prior to the expiration of fifteen days after service of citation upon any defendant...." Counsel did not request leave of court to take a deposition, in spite of the obvious defect in service of citation.
Although Deborah Guidroz was not served with the citation and petition, she and the others were personally served with subpoenas for the taking of their depositions. Nevertheless, they refused to appear for their depositions. Thereafter, on August 19, 1981, counsel filed a rule to show cause why they should not be held in contempt of court, and the Trial Judge ordered Deborah Guidroz and the others to show cause on September 4, 1981.
On that date, which was also the last date to file pleadings, counsel for Deborah Guidroz filed a declinatory exception to the *941 jurisdiction of the Court, and, after reserving Guidroz's rights raised by the exception, filed a motion for continuance of a hearing on plaintiff's motion for contempt. The Court took under advisement counsel's declinatory exception, deferred ruling on the motion for contempt, but ordered Deborah Guidroz and the others to appear in Court for their depositions September 9, 1981. They appeared for their depositions under threat of contempt, and their depositions were taken.
After the depositions, counsel for Deborah Guidroz filed an answer, reserving all rights under the declinatory exception, a motion to strike, and also propounded Interrogatories to the plaintiff. Thereafter, on October 13, 1981, the Trial Judge dismissed the declinatory exception, and the case was brought to trial July 1, 1982. As we have said, during trial counsel for Deborah Guidroz reurged the declinatory exception, and he produced evidence to prove it.
We do not construe any action of defendant's counsel as a waiver of the objection. La.C.C.P. Art. 7 is controlling and provides that counsel does not waive the objection to jurisdiction by filing for an extension of time or by filing an answer when he reserves rights under the exception. According to C.C.P. Art. 7, when a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance.
Although counsel suggests there was waiver when Deborah Guidroz and her counsel appeared for trial on the merits, the record does not show waiver. The record shows persistent, strenuous, but futile efforts to deny that the Court had jurisdiction: Counsel objected to the trial and reurged the declinatory exception; and Counsel produced evidence during trial to prove the declinatory exception. Waiver, either express or implied, means to submit to the jurisdiction of the Court, and under these circumstances, appearance for trial was not a waiver of the objection. Cook v. Deshautreaux and Klein Pediatric Clinic, 294 So.2d 591, (La.App. 4th Cir.1974), writ denied 296 So.2d 834, (La.1974).
Further we do not believe that when counsel has unsuccessfully urged a declinatory exception, he should be faced with only two choices, both bad: Either to respond to the trial subpoenas and waive the declinatory exception to jurisdiction, or refuse to appear and risk being cast in judgment or held in contempt.
In sum, we conclude that there was neither personal nor domiciliary service of process, nor was there a waiver of the objection to jurisdiction, and all proceedings are null.
We reverse. All costs of trial and appeal are to be paid by Thomas Tommaseo.