KLEES, Judge.
Plaintiff appeals from a judgment declaring null a deficiency judgment taken by default. The deficiency judgment was nullified by reason of defective service of process. We reverse and remand.
The plaintiff, Credithrift of America No. 2, Inc., seized and sold under executory process an automobile owned by the defendants, Jerry L. Jackson and his daughter, Irma Lee Jackson. On February 7, 1986 the plaintiff filed a petition for deficiency judgment praying for $1922.28, the amount of the deficiency, plus interest and attorney fees.
Deputy Sheriff Willie W. Thompson allegedly served Jerry Jackson on September 17, 1987. He recorded the appropriate data on the back of the return, then signed the front of the return in blank in the section marked “Return For Personal Service.” He dropped the return in the appropriate basket at the sheriffs office to be completed by another employee, as per regular procedure. At some point Irma Lee Jackson’s name was circled on the front of the return and her name was entered in the appropriate space as having been personally served.
On October 8, 1987 a motion for default was entered in the record, and on October 16, 1987 a default judgment was rendered by the trial court against Jerry Jackson awarding $3126.55 with interest and attorney fees. No appearance had been made by either defendant.
Pursuant to that judgment, plaintiff garnished Jerry Jackson’s checking and savings accounts at Dryades Savings and Loan Association in the amount of $4228.09. Jerry Jackson claimed that he did not learn of the deficiency proceedings until the 5th or 7th of January, 1988, when he attempted to cash a check and was informed that the accounts had been closed. On January 29, 1988, defendants filed a petition to nullify the deficiency judgment. The trial court rendered judgment declaring the deficiency judgment to be nullified based on the defective return of service. Plaintiff then instituted this appeal.
La.C.C.P. art. 1292 provides that a court may allow any proof of service of process to be amended unless such amendment would result in material prejudice to the substantial rights of the party against whom the process was issued. The trial court in this case, citing Tommaseo v. Tommaseo, 425 So.2d 938 (La.App. 4th Cir.1983), annulled the deficiency judgment holding that the return should not be amended without a hearing since the error was more than just a clerical error.
The sheriff’s return of service is considered prima facie correct and that presumption may only be overcome by clear and convincing evidence. Samrow v. Samrow, 428 So.2d 547 (La.Ct.App. 4th Cir.1983). The return of service, including the back thereof, is a part of the record. Tom-maseo, supra. The uncorroborated testimony of the person served cannot be used to impeach the return. Prairie Finance, Inc. v. Perry, 389 So.2d 1131 (La.Ct.App. 3rd Cir.1980); Samrow, supra.
The trial court did not designate the provision upon which it relied in nullifying the deficiency judgment, but we presume it was La.C.C.P. art. 2002(2); lack of service of process. In Tommaseo, service was made on the defendant’s brother at her brother’s office, and the serving officer’s notation on the back of the return so stated. In the instant case, the proper party was served and the return was correct — except for the clerical error on the front— *170 containing all of the requirements of La.CCP art. 1292. Deputy Thompson testified that his notation on the back of the return indicated personal service upon Jerry Jackson and that normal procedure was to merely sign the front and another employee would fill in the blanks according to the information recorded on the back of the return by the deputy. Ida Woodfork testified that she was the employee in charge of filling in the return, and she further testified that a mistake had been made. This is a paradigmatic clerical error. Thus the trial court should have simply amended the front of the return so that it read correctly, and the testimony of Jerry Jackson should not have been admitted to impeach the return.
However, we are concerned about the amount of judgment. The plaintiffs petition prayed for $1922.28. The judgment was rendered in the amount of $3126.55. It is curious that the latter amount is identical to the amount of principal which was owed to plaintiff prior to the sale of defendant’s automobile and thus prayed for in the original petition for executory process. In view of this possible error, we remand to the trial court for a hearing to determine the correct amount of the judgment.
Accordingly, for the reasons stated, the judgment of the trial court is reversed, and we remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.