PLOTKIN, Judge,
dissenting with written reasons.
I respectfully dissent.
The judgment from which the Jacksons appeal was a judgment on a petition for nullity of judgment. A final judgment shall be annulled if it has been rendered against a defendant who has not been served with legal process. LSA-C.C.P. art. 2002(2). Without valid personal service of process on a defendant a court has no personal jurisdiction over that party and no legal power to render a judgment against that party. LSA-C.C.P. arts. 1 and 6.
The return of service, when received by the court and filed in the record, is considered prima facie correct. LSA-C.C.P. art. 1292. However, this presumption of correctness is subject to rebuttal by clear and convincing evidence. Samrow v. Samrow, 428 So.2d 547, 549 (La.App. 4 Cir.1983).
In this case, the information recorded on the face of the return of service is patently erroneous. It is not disputed that Irma Lee Jackson was not served. Yet the return of service states on its face that she was served. The error is the name of the person served. This is more than a clerical error. It is an error of substance.
The testimony of a single witness is insufficient to overcome the presumption of correctness. Samrow, supra, at 549. However, in this case, the testimony of the defendant Jerry Lee Jackson that he was not served is corroborated by his testimony that he had no knowledge of the litigation until he went to cash a check and found that his bank account had been garnished. The credibility of Jackson’s testimony was challenged by the testimony of the sheriff’s deputy that he had personally served Jackson. The most clear and convincing evidence, however, is the return of service itself which is patently erroneous.
The amendment of service is within the discretion of the trial court. LSA-C.C.P. art. 1292. If the error on the return of service is not merely clerical, but an error of substance, such as the identity of the person served, a hearing should be held by the trial court to decide whether service may be amended. Tommaseo v. Tommaseo, 425 So.2d 938, 939 (La.App. 4 Cir.1983).
In this case, the sheriff’s office attempted to amend service by placing an amended return of service into the record, along with an affidavit by the deputy that he had served Jackson. This affidavit is dated that day after it was filed into the record.
Since the amendment of service involved a matter of substance, not merely a clerical error, and affected substantial rights of the party against whom it was issued, a hearing should have been held and the trial court should have ruled on whether to al *171 low amendment of service. Tommaseo, supra, at 939.
The trial court was correct when it found the default judgment of October 16, 1986, to be a nullity.
For the above reasons, I respectfully dissent.