### FRUGE v. LANGLEY et al.
### No. 1091.

Court of Appeal of Louisiana. First Circuit.
March 7, 1933.

Guillory & Guillory, of Ville Platte, for appellant.

S. W. Gardiner, of Ville Platte, and L. A. Fontenot, of Opelousas, for appellees.

LE BLANC, Judge.

This suit has for its object the setting aside of an alleged illegal sale of the plaintiff's automobile under fieri facias, and the recovery of damages in the sum of $350, of which $250 is for the violation of property rights, and $100 for deprivation of the use of the automobile.

Defendants successfully urged a plea of lis pendens before the district court, and, from a judgment dismissing the plaintiff's suit, this appeal was taken.

Plaintiff alleges a nonobservance on the part of D. M. Langley, a constable in Evangeline parish, who conducted the sale of the automobile, of the requirements of the Code of Practice, relating to the mortgages that might bear on the property offered for sale, and also with regard to advertising the property. Nowhere in the petition is there any reference or allegation made with regard to a suit in the justice of the peace court. For all that the petition discloses, it would seem that the constable simply took it upon himself to seize, at the instance of G. J. Deville Lumber Company, the other defendant herein, plaintiff's Chevrolet automobile, and, after serving a three days' notice, proceeded to sell the same to pay a debt due the Deville Lumber Company by the plaintiff, in the sum of $94.75.

The plea of lis pendens is based on an allegation contained in the plea itself to the effect that the same object is the subject of a suit between the same parties in the second justice court in the parish of Evangeline, La. In the alternative, it is pleaded that, in the event that such proceeding is not still pending in the justice of the peace court, then the matter has become res adjudicata.

The district judge, as already stated, sustained the plea of lis pendens. The judgment itself reads: "After hearing the pleading read, and evidence, the Court is of the opinion that the plea is well taken,"

and then follows the decree. Whatever evidence is referred to in the judgment is not before us. From the remarks contained in the brief of counsel for plaintiff, it may be implied that the district judge simply took judicial cognizance of the proceedings taken in the justice of the peace court, and did not have them before him in considering the plea of lis pendens. It is urged that the district judge could not take judicial notice of any such proceedings, but that the same should have been offered and produced in evidence. We agree with the contention that is made in this respect. At any rate, we are of the opinion that we cannot take judicial cognizance of such proceedings, and will require that the record, whatever it may consist of, be produced and filed in this case.

We believe that in the interest of justice the judgment appealed from should be reversed and set aside, and the case remanded to the district court for the purpose of having produced before that court and put in the record such evidence as tends to support the plea of lis pendens, or, in default thereof, that the case be proceeded with according to law.

For these reasons, it is now ordered adjudged and decreed that the judgment sustaining the plea of lis pendens be, and the same is hereby, set aside, avoided, and reversed, and that the case be remanded to the district court for the purpose of having produced before that court and put in the record such evidence as tends to support the plea of lis pendens, or, in default thereof, that the case be proceeded with according to law.

Defendant appellee to pay the costs of this appeal, other costs to abide the final determination of this suit.