BLANCHE, Judge.
Plaintiff-appellee, GECC Leasing Corporation, filed suit against three defendants, i. e., Lakeside Motors, Inc., Lakeside Rambler Sales, Inc., and Wilfred C. Cotaya as an individual, to recover $2,318.99 allegedly due as rent for equipment leased to Lakeside Motors, *tnc. On February 3, 1967, judgment was rendered in favor of GECC and against all defendants in solido.
After allowing judgment to be rendered against him by default, defendant-appellant, Willie Cotaya, filed a petition seeking to nullify and set aside the judgment against him. In that petition he alleged that the lease agreement sued upon was between GECC Leasing Corporation, Lakeside Motors, Inc., and Lakeside Rambler Sales, Inc., and that there were no provisions in the lease agreement making petitioner individually liable thereon. It was further alleged that no proof whatsoever was furnished to the court that defendant personally and individually guaranteed the foregoing lease agreement and that he only executed the same as president of Lakeside Motors, Inc., and as vice-president of Lakeside Rambler Sales, Inc., at no time signing the lease in an individual capacity. In paragraph 5 he asserted that should any such phraseology or wording appear in the lease making him individually liable, then it was added subsequent to the signing of the original agreement by someone other than himself and without his consent.
In paragraph 9 of the suit filed by GECC it was alleged that appellant individually signed the lease as a guarantor and was liable in solido with the other defendants. This lease agreement, which was offered in evidence, shows that the parties thereto are GECC, as lessor, and Lakeside Rambler Sales, Inc., and Lakeside Motors, Inc., as lessees. No provisions therein refer to appellant as a guarantor.
However, on the signature line provided for the lessees, evidently 'the word “individually” was handwritten and inserted above appellant’s signature on the signature space where he signed as vice-president of Lakeside Rambler Sales, Inc. We say “evidently” as the photostatic copy of the same which was offered in evidence is not clear, and without appellant’s allegations in paragraph 5 of his petition to- annul the judgment and the reference to the same in his brief, we would not be able to discern what, if anything, was inserted above appellant’s signature. Whether the trial judge considered this as evidence of appellant’s intention to bind himself is not known. Even assuming the judgment was granted on insufficient evidence, that matter is not before us.
The appellant contends the judgment was obtained by fraud and ill practices. As stated above, it was known when appellant accepted the petition served on him by the Sheriff that GECC intended to hold him personally liable on the lease as a guarantor. At that time he could have answered alleging that the lease contained *251 no provisions making him individually liable and that if there were any “phraseology or condition” appearing in the lease agreement making him liable individually that it was added subsequent to the signing of the original agreement by someone other than himself. Additionally, appellant has not alleged that he was deprived of the right to appear and assert a defense to the suit.
The rule of law stated in Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir. 1967), is germane to the instant case:
“The rule settled by our jurisprudence is that, in the absence of a showing of a valid and sufficient reason for a defendant’s failure to defend a suit on which a default judgment has been taken, such a defendant cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices which could and should have been pleaded in the original suit. [Citations omitted]”. (Steele v. Ruiz, 202 So.2d 376, 378)
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of defendant-appellant, Willie Cotaya.
Affirmed.