344 So.2d 1068 (1977)
Pauline LYONS, Plaintiff-Appellant,
v.
Donald Ray FONTENOT, Defendant-Appellee.
No. 5789.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
*1069 A. J. Plaisance, Lafayette, for plaintiff-appellant.
Pucheu & Pucheu by Jacque B. Pucheu, Jr., Eunice, for defendant-appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
HOOD, Judge.
This action was instituted by Mrs. Pauline Lyons against Donald Ray Fontenot. Plaintiff seeks to annul an earlier judgment which decreed a divorce between the parties, and following that annulment she demands judgment in her favor decreeing a divorce between her and defendant, awarding her the custody of her two minor children, and condemning defendant to pay alimony and child support. The trial court rendered judgment maintaining an exception of prescription, an exception of no right or cause of action and an exception of res judicata, all filed by defendant. Plaintiff appealed.
The issues presented on this appeal are whether the trial court erred in maintaining any or all of the above exceptions.
On April 30, 1973, Donald Ray Fontenot filed a suit for divorce against Pauline Lyons, alleging as grounds therefor that the parties had been living separate and apart for more than two years. Fontenot also alleged that one child, Kevin Ray Fontenot, had been born of that union. No answer was filed by the defendant, and on May 30, 1973, a default judgment was rendered by the district court in favor of Fontenot, decreeing an absolute divorce between the parties, granting Mrs. Lyons the custody of the minor child, Kevin Ray Fontenot, and ordering Fontenot to pay child support of $50.00 per month.
The instant suit was filed by Pauline Lyons on June 25, 1976. In her original petition, plaintiff did not seek to have the divorce decree annulled. She alleged that two children were born of her marriage to defendant, one of whom was Kevin Ray Fontenot, who was then nine years of age, and the other was Lauri Fontenot, who was five years of age. Plaintiff demanded judgment awarding her the custody of the younger child (she previously having obtained custody of the older one), support for that child, and alimony and attorney's fees. In response to that original petition, defendant Fontenot filed, among other pleadings, an exception of res judicata, seeking the dismissal of "that portion of her *1070 petition which seeks to declare that an additional child was born of their marriage."
Shortly after the above exception was filed, plaintiff Lyons filed a supplemental petition in which she demands judgment in her favor and against defendant Fontenot (1) annulling the divorce decree which was rendered in the earlier suit on May 30, 1973, (2) decreeing an absolute divorce between plaintiff and defendant, (3) awarding plaintiff the custody of both of her minor children, and (4) condemning defendant to pay alimony and child support. Alternatively, plaintiff prays for the relief which she sought in her original petition.
In response to that, supplemental petition, defendant Fontenot filed several pleadings, including (1) an exception of no cause and no right of action, and (2) an exception of prescription. The minutes of the court show that "arguments of counsel" were heard on July 23, 1976, and that the trial court then rendered judgment maintaining the three above mentioned exceptions. The record indicates that no evidence was introduced at the hearing held on July 23.
Following the above arguments, a formal judgment was read and signed by the trial judge on August 12, 1976, the pertinent parts of which read as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that defendant's exception of prescription to plaintiff's suit for nullity of a divorce judgment for vices in substance be maintained.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant's exception of no right or cause of action to plaintiff's suit to annul a judgment due to vices of form is maintained.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant's exception of res judicata regarding the number of children born of the marriage of Donald Ray Fontenot and Pauline Lyons is maintained."
Plaintiff appealed from that judgment, and it is that appeal which is before us now.
We consider first the question of whether the trial court erred in maintaining the exception of no right or no cause of action filed by defendant.

Exception of No Right or No Cause of Action
In the exception of no right or no cause of action which Fontenot filed to plaintiff's supplemental petition, he prayed that the action be dismissed only as to "that part of her petition which seeks to declare the judgment . . . a nullity because of vices in form, in particular, lack of jurisdiction." The trial judge rendered judgment maintaining that exception. He did not assign reasons for that judgment, but we assume that he felt that the exception should be maintained on the grounds alleged in the pleadings.
We have decided that the exception of no cause of action was properly maintained by the trial court, but we prefer to base that decision on grounds different from those which we assume were relied on by the trial judge.
One of the principal demands contained in plaintiff's supplemental petition is that the default judgment of divorce, which was rendered in a separate suit on May 30, 1973, be decreed to be null and void under LSA-C.C.P. arts. 2001-2006, on grounds that it was obtained by fraud or ill practices. She alleges the following facts to support that demand:
"5. The above stated judgment should be annulled because of vices of form in that this Court did not have jurisdiction because Donald Ray Fontenot was not residing in St. Landry Parish, Louisiana when the alleged grounds for the divorce took place.
"6. Plaintiff has never voluntarily acquiesced in the judgment because she was not informed of the fact that the judgment of divorce had been rendered until her undersigned attorney advised her by letter dated May 24, 1976.
"6. Further, the judgment of divorce should be annulled for vices of substance, in that it was obtained by Donald Ray Fontenot by fraud or illegal practices in that he alleged in the divorce petition and *1071 testified that he and plaintiff herein had not resided together since the month of March, 1969, when in fact he had lived with plaintiff in Lafayette Parish, Louisiana, where plaintiff and defendant lived together as husband and wife, as late as nine (9) months prior to the birth of Lauri Fontenot."
There are no allegations in any of the pleadings filed in the instant suit to the effect that Mrs. Lyons was prevented from asserting a defense to the original divorce action. We have searched the record of this appeal and find nothing in it which we think would or could excuse her from timely presenting the defense which she now claims she had to that divorce action.
The pleadings which were filed in the original divorce proceeding were not introduced in evidence in the instant suit, and the record of that divorce action does not constitute a part of the record of this appeal. We note, however, that on August 3, 1976, Mrs. Lyons filed in this court, in connection with the instant suit, an application for writs of certiorari, prohibition and mandamus, and she attached to that application a certified copy of the petition which was filed in the earlier divorce suit, a certified copy of the citation which was issued and the sheriff's return of that citation, and a certified copy of the default judgment which was rendered on May 30, 1973, in that suit. We take judicial notice of that application for writs and of the documents which are attached to it. See Pennison v. Provident Life and Accident Insurance Company, 154 So.2d 617 (La.App. 4 Cir. 1963). We have examined the above application and the documents attached to it to determine whether those pleadings show that Mrs. Lyons might have been prevented from asserting a defense to the divorce action, or whether reasons exist for excusing her from doing so.
The documents attached to the above application for writs show that Mrs. Lyons was served personally with citation and a copy of the petition in the divorce suit on May 9, 1973. She did not answer or make an appearance in that suit, and a preliminary default was entered on May 25, 1973. That default was confirmed on May 30, 1973, and judgment was rendered on that date by the trial court decreeing a divorce "a vinculo matrimonii" between the parties.
In the original petition for divorce, Fontenot alleged clearly that he was residing in St. Landry Parish when the alleged grounds for the divorce took place, and that he and the defendant in that suit, Mrs. Lyons, "have lived separate and apart since March, 1969, or over two years." Since Mrs. Lyons was served personally with a copy of that petition, she obviously knew before the default judgment was obtained that Fontenot had alleged facts which she claims were not true. We find nothing in any of the pleadings or documents before us which can be construed as showing that Mrs. Lyons was deceived or misled, or that she was incapacitated or prevented in any way from presenting a defense to the divorce action.
The law is settled that, in the absence of a valid and sufficient reason for a defendant's failure to defend a suit on which a default judgment has been taken, such a defendant cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices which could and should have been pleaded in the original suit. Steele v. Ruiz, 202 So.2d 376 (La.App. 4 Cir. 1967); GECC Leasing Corporation v. Lakeside Rambler Sales, Inc., 277 So.2d 249 (La.App. 1 Cir. 1972); Jones v. Decuers, 320 So.2d 348 (La. App. 4 Cir. 1975); Wadsworth v. Wadsworth, 328 So.2d 719 (La.App. 4 Cir. 1976).
Since Plaintiff in the instant suit, Pauline Lyons, has failed to show a valid and sufficient reason for her failure to defend the original divorce action, we conclude that she cannot now maintain an action to annul the default judgment which was rendered in that case, based on allegations of fraud or ill practice which could have been pleaded as a defense in the original suit.
We have considered the allegation in Article 6 of the supplemental petition filed in the instant suit, that plaintiff was not *1072 informed of the fact that the judgment of divorce had been rendered until her attorney advised her of that fact in May, 1976. It is immaterial to the issue presented here, however, when plaintiff was advised of the rendering of the default judgment. The circumstance that she did not know until recently that such a judgment had been rendered did not prevent or excuse her from timely presenting her available defense to the divorce action before that default judgment was rendered.
Our conclusion is that plaintiff has failed to allege a cause of action for the annulment of the divorce decree which was rendered on May 30, 1973. There is no error, therefore, in that part of the trial court judgment which maintains the exception of no cause of action filed by defendant to the action to annul.

Exception of Prescription
Defendant Fontenot filed an exception of prescription asserting that plaintiff's action to annul the earlier divorce decree has prescribed under the provisions of LSA-C.C.P. art. 2004.
In view of our finding that the supplemental petition filed by plaintiff fails to state a cause of action for the annulment of the default judgment of divorce, it is unnecessary for us to consider the argument of defendant that the action for annulment has prescribed.

Exception of Res Judicata
In the exception of res judicata which defendant Fontenot filed to plaintiff's original petition, he alleges that the judgment of divorce rendered on May 30, 1973, is "res judicata with regard to the number of children born of the marriage of Donald Ray Fontenot and Pauline Lyons."
Fontenot alleged in the petition for divorce which he filed in 1973 that of his marriage to Pauline Lyons "one child was born, Kevin Ray Fontenot, age 6." The default judgment rendered in that suit decreed an absolute divorce between the parties, and with reference to the child it decreed that "Defendant Pauline Lyons be granted the permanent care, custody and control of the minor child, Kevin Ray Fontenot, with reasonable visiting rights granted to petitioner, and petitioner to continue to pay child support in the amount of $50.00 per month."
Defendant contends that since he alleged in his action for divorce that one child was born of the marriage and his wife filed no responsive pleadings, the default judgment rendered in that suit is final as to the number of children born of that marriage. He argues that Pauline Lyons "cannot now be heard to claim that another child was born of this marriage" and that she "can no longer seek to have this question reopened." Defendant's argument, in effect, is that the action for divorce filed in 1973 must be treated also as an action to disavow the younger child, and that the judgment of divorce rendered in that suit should be regarded as a judgment decreeing that he is not the father of Lauri Fontenot. We are unable to agree with that argument for several reasons.
First, the pleadings indicate that Lauri Fontenot was born while plaintiff and defendant were married to each other. Defendant, in fact, concedes in his brief that the child was about two years of age when the judgment of divorce was rendered on May 30, 1973. Under those circumstances, a strong legal presumption exists that defendant is the father of the child. LSA-C.C. art. 184; Lewis v. Powell, 178 So.2d 769 (La.App. 2 Cir. 1965). We think the judgment of divorce, which simply decrees that the mother is granted the care, custody and control of "the minor child, Kevin Ray Fontenot," does not constitute a final judicial determination that defendant is not the father of another child whose identity is not given in the divorce proceedings.
Second, in Enterkin v. Devaux, 266 So.2d 721 (La.App. 3 Cir. 1972), we held that an attorney must be appointed to represent the child in an action en desaveu. No attorney was appointed to represent Lauri Fontenot in the 1973 divorce proceeding, and we think that indicates that the *1073 trial court did not consider that action as being one to determine whether Fontenot was the father of the child.
Finally, LSA-C.C. art. 2286 provides that the authority of the thing adjudged takes place only with respect to what was the object of the judgment. We find that the "object" of the 1973 divorce judgment was to decree a divorce between the parties. It was not the "object" of that judgment to determine the legitimacy of the younger child, Lauri Fontenot. The name of Lauri Fontenot was not mentioned in the petition for divorce or in the judgment granting the divorce, and no issue was presented in that action relating to the paternity of that child.
We conclude that the judgment of divorce rendered on May 30, 1973, did not determine the issue of whether Lauri Fontenot was born of the marriage of plaintiff and defendant, or the question of whether defendant is the father of that child. There thus is no merit to defendant's exception of res judicata.

Conclusion
Our conclusion is that the trial court erred in maintaining the exception of res judicata which was filed by defendant, and that judgment should be rendered overruling that exception. There is no error in that part of the trial court judgment which maintains the exception of no cause of action filed by defendant to plaintiff's demand that the divorce decree be annulled. The exception of prescription filed by defendant need not be considered, since the petition does not state a cause of action for annulment of the divorce decree, and the judgment appealed from should be amended to dismiss that exception.
For the reasons assigned, the judgment appealed from is reversed insofar as it maintains the exception of res judicata filed by defendant, and judgment is hereby rendered overruling that exception. We affirm that part of the judgment of the trial court which maintains the exception of no cause of action filed by defendant insofar only as that exception relates to plaintiff's demand for the annulment of the divorce decree dated May 30, 1973. That part of the judgment appealed from which maintains the exception of prescription filed by defendant is amended to decree that that exception is moot and is thus dismissed. The case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-appellee.

AMENDED AND AFFIRMED.