349 So.2d 490 (1977)
Lorene Elizabeth Self BURNETT, Plaintiff and Appellant,
v.
Kenneth Lee BURNETT, Defendant and Appellee.
No. 6196.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1977.
James B. O'Neill, Zwolle, for defendant and appellant.
Lowther & Boone by Robert C. Lowther, Jr., Many, for plaintiff and appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
CULPEPPER, Judge.
This case was consolidated on appeal with Kenneth Lee Burnett v. Lorene Elizabeth Burnett, 349 So.2d 488, in which a separate judgment is being rendered by us this date. In the present suit, the plaintiff-wife seeks to annul the prior judgment of separation from bed and board rendered against her as defendant in the companion suit. *491 She contends (1) that there is no such cause of action as "constructive abandonment", which was the alleged basis of the separation judgment and (2) that the judgment should be annulled for fraud and ill practices, because the allegations in the husband's petition for separation are false, and he knew they were false at the time he filed the petition. From a judgment dismissing the wife's suit to annul the prior judgment of separation, the wife appealed.
As to the wife's argument that the judgment of separation should be annulled because there is no such cause of action as "constructive abandonment", we conclude in our decision in the companion case that such a cause of action has been recognized in at least three decisions of courts of appeal of this state. Furthermore, we conclude that even if there is no such cause of action, the factual allegations of the husband's petition for separation from bed and board are sufficient to allege a cause of action based on cruelty.
As to the wife's argument that the judgment of separation should be annulled because of fraud and ill practices, LSA-C.C.P. Article 2004, we note that in the husband's suit for separation the wife was personally served, and that she filed no answer or other pleadings urging that the allegations of the husband's petition for separation were false, nor did she urge any other defense. It is apparent that at the time the wife was served with her husband's petition for separation, she had full knowledge of all of the facts which she now alleges as fraud and ill practices.
In the recent case of Lyons v. Fontenot, 344 So.2d 1068 (3rd Cir. 1977), we held in a very similar suit for nullity of a judgment of divorce that, in the absence of a valid and sufficient reason for defendant's failure to defend a suit in which a default judgment has been taken, such a defendant cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices, which could and should have been pleaded in the original suit. This rule is clearly applicable in the present case.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.