COLE, Judge.
This is an appeal from the sustaining of the peremptory exception raising the objection of res judicata. At issue is whether the trial court had evidence before it on which to base its holding. Appellant asserts the exception was decided upon oral argument without the introduction of any documentary or other evidence.
James Bernard Jenks, plaintiff-appellant, brought suit in The Family Court of East Baton Rouge Parish seeking a judgment declaring null a 1972 Arkansas divorce between Rufus W. Ashley, Jr. and the defendant, Bobbie Gulla. Jenks also prayed that his 1973 marriage to the defendant as well as his subsequent separation and divorce decrees be declared absolute nullities.
Defendant responded with the objection of res judicata. She alleged her Arkansas divorce and subsequent marriage to Jenks had been held valid in a previous suit between the parties in the Nineteenth Judicial District Court.
The record on appeal does not contain any evidence on which the trial court could have based its ruling. Through clerical inadvertence or otherwise, the suit record of the previous litigation between the parties is not before us. We cannot take judicial cognizance of suit records of other courts. Mattox v. American Indemnity Co., 259 So.2d 79 (La.App.4th Cir. 1972); New Orleans Industrial Canal Land & Harbor Development Co. v. Kohler, 150 So. 874 (La.App.Orl.Cir.1933); Fruge v. Langley, 146 So. 486 (La.App.1st Cir. 1933). Nor is there a transcript of the hearing on the exception. We have no way of knowing if *1053 any admissions or stipulations were made which were the basis for the court’s opinion. We do not necessarily equate the absence of evidence in the record with the proposition that the trial court did not, in fact, have sufficient evidence before it upon which to properly adjudicate the issue. In the interest of justice and judicial efficiency, we remand to the lower court in order that any evidence previously offered may be made a part of the record and, if necessary, to allow evidence to be offered on the exception.
For the foregoing reasons, the judgment of the lower court is vacated and set aside and the case is remanded for further proceedings consistent with the above opinion. Costs are to await final disposition of the case.
REMANDED.