428 So.2d 547 (1983)
Inez Smith SAMROW
v.
George L. SAMROW.
No. CA-0260.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
*548 Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Robert C. Lowe (Trial Attorney), Terence L. Hauver, New Orleans, for plaintiff-defendant-in-reconvention-appellant.
Corey, Reed, Bethay & Kogos, Edward J. Lassus, Jr., New Orleans, for defendant-plaintiff-in-reconvention-appellee.
Before GULOTTA, AUGUSTINE, and BYRNES, JJ.
AUGUSTINE, Judge.
George L. Samrow and Inez Smith Samrow ended their eighteen-year marriage in divorce in June 1976. Less than a year later, however, the couple reconciled and remarried, but their marital problems did not cease. On May 7, 1981 Mrs. Samrow filed a petition for separation a mensa et thoro on grounds of cruelty, whereupon Mr. Samrow answered and reconvened for separation, alleging cruelty and abandonment. Shortly afterward, Mrs. Samrow filed an amended petition, seeking to annul the prior divorce decree. After hearing these causes at a full trial on the merits, the trial court rejected plaintiff's demand for annulment and granted a separation on the basis of the mutual fault of the husband and wife. From those decisions, Mrs. Samrow now appeals.

I

ACTION FOR NULLITY
Mrs. Samrow alleges that the 1976 divorce decree rendered in favor of her husband by default judgment is an absolute nullity under Louisiana Code of Civil Procedure Article 2002(2) for the reason that she had not been served with process. Appellant also contends that the judgment is null for having been obtained by fraud and ill practices. La.C.C.P. Art. 2004.
At trial, Mrs. Samrow testified that she did not remember having received service of the petition for divorce, and that if she had received that document, she could not have read it, being afflicted as she was (and still is) by glaucoma. Although she acknowledged that the sheriff's return entered into the record indicated personal service upon her at 5131 Arts Street in New Orleans, Mrs. Samrow denied having ever *549 lived at that address and stated that she has never known anyone who lives there.
Mrs. Samrow contends, furthermore, that the default judgment obtained by her husband was a fraud, in that the divorce was obtained on the ground of the couples' living two years separate and apart,[1] whereas in truth, she and Mr. Samrow had separated only a week or so before the judgment was rendered.
Inasmuch as the merits of plaintiff's appeal concern questions of fact, we are reminded that "when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error." Canter v. Koehring, 283 So.2d 716, 724 (La.1973).
As to the dispositive factual issue in the case for annulmentwhether Mrs. Samrow had been served with process in accordance with lawwe find no manifest error. The sheriff's return of service entered into the record in the prior divorce action, and admitted into evidence upon trial of this matter, clearly shows that the plaintiff received personal service. Mrs. Samrow's testimony on that subject was rather equivocal, as she did not affirmatively state that she did not receive service of process, but rather that if she did, she did not remember it.
As a matter of law, the plaintiff cannot prevail in her attack upon the judgment of divorce. The sheriff's return is entitled to great weight and is presumed to be correct. La.C.C.P. Art. 1292. The burden is upon the party attacking service to establish otherwise, and not by a mere preponderance, but by "clear and convincing" evidence. League Central Credit Union v. Gagliano, 336 So.2d 931 (La.App. 4th Cir. 1976). Moreover, a single witness' uncorroborated testimony is insufficient to overcome the presumption of correctness established by La.C.C.P. Art. 1292. Canterberry v. Slade Bros., 232 La. 1081, 96 So.2d 4 (La.1957); League Central Credit Union, supra; Guedry Finance Co., Inc. v. Breland, 192 So.2d 884 (La.App. 4th Cir.1966). Thus, we concur with the trial court's findings that Mrs. Samrow had accepted service of process in the original divorce action, and we affirm the dismissal of plaintiff's suit to declare the original judgment of divorce an absolute nullity under C.C.P. Art. 2002(2).[2]
Having affirmed that finding, we must also affirm the dismissal of the action to annul for fraud and ill practices under C.C.P. Art. 2004,[3] for it has been held that in the absence of a valid and sufficient reason for a defendant's failure to defend a suit in which a default judgment has been taken, such a defendant cannot later maintain an action for nullity of the judgment based on fraud or ill practices which could and should have been pleaded in the original suit. Burnett v. Burnett, 349 So.2d 490 (La.App. 3rd Cir.1977); Lyons v. Fontenot, 344 So.2d 1068 (La.App. 3rd Cir.1977). We acknowledge the correctness of that rule.

II

FAULT
The trial court determined that each party's cruelty towards the other constituted sufficient cause for legal separation. In *550 appealing the finding of fault on her part, Mrs. Samrow again raises a question of fact, and again we are bound to follow the rule of Canter v. Koehring, supra.
Mr. Samrow testified that his wife occasionally drank to excess, and that when she did, she became physically violent. Aside from those occasions, the defendant said, there were other episodes when, for instance, upon arriving from work at a later hour than his wife deemed reasonable, Mr. Samrow found himself the target of a well-aimed clock, mop or pot of hot coffee. Mr. Samrow further testified that Mrs. Samrow often told him that she wanted another husband and that she would be better off without him; this was readily admitted by Mrs. Samrow at trial. Such testimony, if believed, warrants a finding of fault on the part of Mrs. Samrow, for it is unquestionable that such conduct renders living together unsupportable and is therefore a cause for separation. Louisiana Civil Code Art. 138.
It is evident from the finding of cruelty on the part of Mrs. Samrow that the trial court accorded credibility to at least one of the defendant's allegations. As earlier stated, we will not invade the trial court's province by weighing the credibility of witnesses on the basis of a cold record. Factual determinations are to be given great deference and will not be disturbed in the absence of manifest error. Finding no such error in the trial court's assessment of Mr. Samrow's credibility, we therefore affirm the finding of fault on the part of the plaintiff, Mrs. Samrow.
AFFIRMED.
NOTES
[1] The divorce was granted under La.R.S. 9:301 which, prior to amendment in 1979, provided: "When the spouses have been living separate and apart continuously for a period of two years or more, either spouse may sue for and obtain a judgment of absolute divorce". By amendment, the period of separation has been reduced to one year.
[2] La.C.C.P. Art. 2002(2): "A final judgment shall be annulled if it is rendered: ...

(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken."
[3] La.C.C.P. Art. 2004: "A final judgment obtained by fraud or ill practices may be annulled.

An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."