GARRISON, Judge.
This is an appeal from a district court judgment dismissing plaintiffs petition to annul a 1974 judgment of divorce between plaintiff and defendant. The judgment of dismissal was based upon the trial court’s maintaining defendant’s exception of prescription. Plaintiff appeals that judgment.
The facts are as follows: On November 27, 1974, an apparent default judgment of divorce was entered in favor of Gladys Dea-son and against Allen Blackburn on the ground of living separate and apart for two years under La.R.S. 9:301. At that time Deason also was awarded custody of and child support for the two minor children of the marriage.
On March 11, 1982, Blackburn filed this suit to annul the above divorce based on La.C.C.P. Art. 2004, which provides for annulment of a final judgment within one year of plaintiff’s discovery of fraud or ill practice. His petition alleged that he did not have knowledge of the basis for the divorce judgment until December, 1981, when he was preparing papers for a partition of community property, and that in fact he and Ms. Deason lived together until approximately two months before the judgment of divorce was rendered.
In response to plaintiff’s petition, defendant Deason filed a pleading styled “Exception of No Right Nor Cause of Action and Prescription and Res Judicata,” contending among other things that the provisions of C.C.P. Art. 2004 bar plaintiff’s suit because Blackburn was personally served with a copy of the petition for divorce on October 22, 1974, and therefore had notice at that time of the ground on which the divorce action was based.
The trial court on April 19, 1982, maintained defendant’s exception of prescription and dismissed the suit for nullity without written reasons for judgment; the court noted, however, that its ruling was based on Burnett v. Burnett, 349 So.2d 490 (La.App. 3rd Cir.1977) and Lyons v. Fontenot, 344 So.2d 1068 (La.App. 3rd Cir.1977).
In Burnett a wife filed suit to annul a prior judgment granting her husband a separation from bed and board. In that case, as in the case now before us, she alleged fraud and ill practices in that the allegations in the husband’s petition were false. The Third Circuit, in affirming the trial court’s judgment of dismissal, stated:
“As.to the wife’s argument that the judgment of separation should be annulled because of fraud and ill practices, LSA-C.C.P. Article 2004, we note that in the husband’s suit for separation the wife was personally served, and that she filed no answer or other pleadings urging that the allegations of the husband’s petition for separation were false, nor did she urge any other defense. It is apparent that at the time the wife was served with *218 her husband’s petition for separation, she had full knowledge of all of the facts which she now alleges as fraud and ill practices.
“In the recent case of Lyons v. Fontenot, 344 So.2d 1068 (3rd Cir.1977), we held in a very similar suit for nullity of a judgment of divorce that, in the absence of a valid and sufficient reason for defendant’s failure to defend a suit in which a default judgment has been taken, such a defendant cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices, which could and should have been pleaded in the original suit. This rule is clearly applicable in the present case.”
In each of the above cases it appears to be undisputed that there was personal service of the petition and citation on the defendant spouse. In the instant case, however, the plaintiff denies receiving service of process. Moreover, the record contains no evidence as to whether Allen Blackburn did, in fact, receive the required notice which would now preclude him from alleging ill practices. Although both plaintiff and defendant refer in brief to the return on the petition and citation in the divorce proceeding, the record of that proceeding was not admitted as an exhibit in the instant case. Consequently, the original return of service is unavailable to this court on appeal.
Nor does the record contain a transcript of the hearing on the exception. We have no way of knowing whether any admissions were made or stipulations agreed to on which the court might have based its conclusion.
The First Circuit addressed a similar situation in Jenks v. Galla, 383 So.2d 1052 (La. App. 1st Cir.1980), a suit to nullify a foreign divorce. In that case it held that where a peremptory exception of res judicata was decided upon oral argument- without introduction of any documentary or other evidence, it was necessary to remand the case to the lower court. The court explained:
“We do not necessarily equate the absence of evidence in the record with the proposition that the trial court did not, in fact, have sufficient evidence before it upon which to properly adjudicate the issue. In the interest of justice and judicial efficiency, we remand to the lower court in order that any evidence previously offered may be made a part of the record and, if necessary, to allow evidence to be offered on the exception.”
We believe that the reasoning of the appellate court in Jenks is applicable to the instant case as well, and for that reason we remand the case since there is no evidence before us which would permit us to rule upon the issue raised by this appeal: Whether the trial court erred in finding that prescription had run on a suit to annul the 1974 divorce judgment between Allen Blackburn and Gladys Deason.
For the reasons above, the judgment of the lower court is set aside and the case is remanded for further proceedings. Costs are to await final disposition of the suit.
SET ASIDE AND REMANDED.