447 So.2d 617 (1984)
Allen BLACKBURN
v.
Gladys DEASON.
No. CA 1210.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
*618 Darleen M. Jacobs, New Orleans, for plaintiff-appellant.
Daniel A. McGovern, IV, New Orleans, for defendant-appellee.
Before REDMANN, GARRISON and WARD, JJ.
GARRISON, Judge.
This is an appeal from a district court judgment maintaining defendant's exception of prescription and dismissing plaintiff's action for nullity of a 1974 judgment of divorce between plaintiff and defendant.
The facts of this case are as follows:
On March 11, 1982, appellant, Allen Blackburn, filed suit in the district court for St. Bernard Parish against his former spouse, Gladys Deason, seeking to have the judgment of divorce rendered against him on November 27, 1974, declared a nullity on the grounds of fraud and/or ill practice in accordance with C.C.P. Art. 2004.[1] The divorce was granted on the grounds of living separate and apart for over two years. Appellant contends that he and Deason had been living separate and apart for only two months prior to the granting of the divorce. He also contends that he was never served with a copy of the divorce petition and that he did not know of the existence of a lawsuit against him until he received a copy of the default judgment rendered against him. This default judgment did not state the grounds on which the divorce judgment was granted.
Defendant-appellee filed exceptions of no right or cause of action, prescription and res judicata contending that because plaintiff-appellant was personally served with the citation and petition in the divorce proceeding *619 in 1974, he is precluded from now attempting to annul the judgment of divorce. Defendant based this contention on the rationale that the personal service of the petition gave the plaintiff notice of the grounds on which the divorce action was based and that plaintiff had one year from that time to file an action for nullity. The trial judge agreed with this reasoning, maintained defendant's exception of prescription and dismissed plaintiff's action.
On April 4, 1983, 430 So.2d 216, the Fourth Circuit Court of Appeal set aside the above-mentioned judgment on the exception and remanded the case to the trial court. This remand was deemed necessary due to the unavailability to the Court of Appeal of the record and transcript of the trial court proceedings. The Court of Appeal determined that these items of evidence needed to be reviewed by the trial court in order to determine whether or not plaintiff received service of process.
On June 17, 1983, the trial court held a hearing to review this evidence. The trial judge concluded that the plaintiff had been personally served and, in so deciding, he again maintained defendant's exception of prescription and dismissed plaintiff's action. Plaintiff now appeals this judgment.
At trial, a sheriff's return dated October 22, 1974, was introduced into evidence. This return was signed by Lawrence Huerstell of the St. Bernard Parish Sheriff's Office who testified that his signature on the return indicated that he had made personal service to Mr. Blackburn. Although he did not recognize Mr. Blackburn at trial, almost nine years after the alleged service, and he did not specifically recall placing the subpoena in his hand on that particular day, Mr. Huerstell testified that his signature on the return evidenced the fact that a personal service was made by him on that day. Mr. Blackburn's son-in-law, Michael Herman, testified that he recalled Mr. Blackburn's comment near the time in question that he had been served with "some divorce papers". The only other testimony came from Mr. Blackburn, who testified that he was not served with process in the 1974 divorce proceeding.
The Code of Civil Procedure Article 1292 states, in part, that:
"The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct."
The case of Hood Motor Company, Inc. v. Lawrence, 334 So.2d 460 (La.App. 1st Cir.), writ denied 338 So.2d 288 (La.1976), states that:
"These returns, when properly attested to, are given great weight and the burden rests on the party attacking them to establish their incorrectness. This burden can only be met by a clear and convincing proof that the endorsements contained thereon are erroneous. Our settled law is that a return cannot be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer."
In the instant case, the plaintiff's testimony that he was not personally served with process is totally uncorroborated. Therefore, plaintiff has failed to bear his burden of proving that he was not served.
Because we agree with the trial court's finding that plaintiff was personally served with process in the 1974 divorce proceeding, we also agree with the dismissal of plaintiff's action for nullity of the 1974 divorce judgment. Under C.C.P. Art. 2004, the absence of a valid and sufficient reason for a party's failure to defend a suit in which a default judgment has been taken precludes that party from later maintaining an action for nullity of the judgment based on fraud or ill practices which could and should have been pleaded in the original suit. Samrow v. Samrow, 428 So.2d 547 (La.App. 4th Cir.1983); Burnett v. Burnett, 349 So.2d 490 (La.App. 3rd Cir.1977); Lyons v. Fontenot, 344 So.2d 1068 (La. App. 3rd Cir.1977). The plaintiff in this case has not offered a valid and sufficient reason for his failure to defend the 1974 divorce action brought by the defendant.
Our standard of review as stated in Arceneaux v. Domingue, 365 So.2d 1330 *620 (La.1978), mandates that the findings of the trial court will not be disturbed unless they are clearly erroneous. The trial judge's decision to maintain defendant's exception of prescription and to dismiss plaintiff's action is not manifestly erroneous.
For the reasons assigned, the judgment of the trial court is affirmed. Plaintiff-appellant shall bear all costs of these proceedings.
AFFIRMED.
NOTES
[1] La.C.C.P. Art. 2004: "A final judgment obtained by fraud or ill practices may be annulled. An action to annual a judgement on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."