473 So.2d 323 (1985)
STATE of Louisiana, Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES, OFFICE OF FAMILY SECURITY, In the Interest of Shagunda Deshawn BROWN, Minor Child of Christine Brown
v.
George Wiley BEAUCHAMP.
No. 84 CA 0665.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
Rehearing Denied August 20, 1985.
*325 James R. Murray, Staff Atty., Bureau of Child Support Enforcement, Baton Rouge, for plaintiff appellee State of La., etc. et al.
Johnnie A. Jones, Baton Rouge, for defendant appellant George Beauchamp.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in an action to annul a judgment.
On October 20, 1982, the State of Louisiana, Through the Department of Health and Human Resources, Office of Family Security (Department) filed a petition to establish paternity, alleging that George Wiley Beauchamp was the natural father of Shagunda DeShawn Brown. Beauchamp was personally served on October 23, 1982;[1] however, he made no opposition to the proceedings. A default judgment, decreeing that Shagunda DeShawn Brown is the natural child of George Wiley Beauchamp, was confirmed on January 26, 1983. Beauchamp did not appeal this judgment.
On October 18, 1983, Beauchamp filed a petition for nullity of judgment under LSA-C.C.P. art. 2004, contending that the judgment dated January 26, 1983, was obtained by fraud or ill practices. In his petition, Beauchamp alleged that the Department knew that Shagunda DeShawn Brown was born during the marriage of Christine Evelyn Brown to Willie Moses Brown and that the Department intentionally concealed such information from the court.
After a trial on the merits, the trial court judge rendered judgment in favor of the Department and dismissed Beauchamp's petition. From this judgment, Beauchamp appeals.
LSA-C.C.P. art. 2004 provides:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
The action provided by this article is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation *326 of substantive law, but is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary. Gladstone v. American Auto Ass'n., Inc., 419 So.2d 1219 (La.1982); Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Schoen v. Burns, 321 So.2d 908 (La.App. 1st Cir. 1975). In other words, the action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim which was previously denied for failure of proof. The purpose of the action is to prevent injustice which cannot be corrected through new trials and appeals. See Project of Louisiana Code of Practice of 1825 at 97 (Official Reprint, 1938) and Gladstone v. America Auto Ass'n., Inc., supra.
In discussing "ill practices" under the Code of Practice, art. 607 (the source for the present LSA-C.C.P. art. 2004),[2] the Louisiana Supreme Court stated in Alonso v. Bowers, 222 La. 1093, 64 So.2d 443, 444 (1953):
Under the jurisprudence any improper practice or procedure which enables a party to obtain a definitive judgment comes within the meaning of this article. The courts have looked at each case from a purely equitable viewpoint to ascertain whether allowing the judgment to stand would be inequitable or unconscionable in view of the practice or procedure which enabled the party to obtain such judgment.
This language has been clarified to mean that in an action for nullity a showing of intentional fraud or wrongdoing is not required for a plaintiff to prevail. LSA-C. C.P. art. 2004 is sufficiently broad to encompass any situation wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. Smith v. Cajun Insulation, Inc., supra; Louisiana Health Service & Indem. Co. v. Cole, 418 So.2d 1357 (La.App. 2nd Cir.1982); Ellerd v. Williams, 364 So.2d 648 (La.App. 2nd Cir.1978); Collins v. Collins, 325 So.2d 773 (La.App. 2nd Cir.1976).
In Johnson v. Jones-Journet, 320 So.2d 533 (La.1975), the Louisiana Supreme Court noted that the jurisprudence set forth two criteria to determine whether a judgment had, in fact, been obtained by actionable fraud or ill practices: (1) that the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) that the enforcement of the judgment would have been unconscionable and inequitable.
The jurisprudence under LSA-C. C.P. art. 2004 establishes that the absence of a valid and sufficient reason for a party's failure to defend a suit in which a default judgment has been taken precludes that party from later maintaining an action for nullity of the judgment based on fraud or ill practices, which could and should have been pleaded in the original suit. Blackburn v. Deason, 447 So.2d 617 (La. App. 4th Cir.1984). Samrow v. Samrow, 428 So.2d 547 (La.App. 4th Cir.1983); Burnett v. Burnett, 349 So.2d 490 (La.App. 3rd Cir.1977); Lyons v. Fontenot, 344 So.2d 1068 (La.App. 3rd Cir.1977).
In confirming a judgment by default, the plaintiff is not obligated to disclose possible defenses which may be raised by his adversary in the event he makes an appearance. Neither does the fact that a plaintiff presents merely his own version of the controversy and fails to disclose a contrary position or view held by defendant, constitute fraud or ill practice, provided he does not present his contentions on false, fabricated or perjured testimony. Chauvin v. Nelkin Ins. Agency, *327 Inc., 345 So.2d 132 (La.App. 1st Cir.1977), writ denied 347 So.2d 256 (La.1977).
A party seeking annulment of a judgment must demonstrate how he was prevented or excused from asserting any defenses he may have had, i.e., that he was deprived of the knowledge of the existence of the defense relied on, or of the opportunity to present it, by some fraud or ill practice on the part of the other party, and he cannot maintain an action for nullity of a default judgment based on allegations which should have been presented as a defense in the original suit absent a valid and sufficient reasons for his failure to defend. Johnson v. Jones-Journet, supra; Gramm v. Brock, 430 So.2d 199 (La.App. 2nd Cir.1983).
In the case sub judice, Beauchamp has not offered any reason for his failure to defend the suit to establish paternity brought by the Department. Additionally, the record discloses that no fraud or ill practice was involved in connection with the default judgment. Beauchamp was personally served with the citation and petition for a suit to establish paternity, and after expiration of the delays provided by law a preliminary default was confirmed on due proof that Beauchamp was the natural father of Shagunda DeShawn Brown.[3]
Moreover, in his petition for nullity, Beauchamp simply seeks to present evidence on the same factual issues that have already been litigated. While Beauchamp may have received a different decision if he had been present and presented evidence that Shagunda DeShawn Brown was the legitimate child of Willie Moses Brown, he is not entitled to continue retrying the case until he obtains a favorable result. The action for nullity was never intended for such a purpose. See Gladstone v. American Auto, Ass'n., Inc., supra. Nor is the enforcement of the judgment in favor of the Department inequitable or unconscionable.
A trial court is given great discretion in determining whether a judgment should be annulled because of fraud or ill practice. In Re Koonce, 380 So.2d 140 (La.App. 1st Cir.1979), writ denied 383 So.2d 23 (La.1980); Succession of Davis, 347 So.2d 906 (La.App. 3rd Cir.1977). Our standard of review as stated in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) mandates that the findings of the trial court will not be disturbed unless they are clearly erroneous.
In the instant case, the trial judge correctly determined that the January 26, 1983, judgment should not be annulled under LSA-C.C.P. art. 2004 for fraud or ill practices. Although the judgment rendered on January 26, 1983, may be contrary to the law as stated in Griffin v. Succession of Branch, 452 So.2d 344 (La. App. 1st Cir.1984), writ granted 458 So.2d 108 (La.1984)[4], and may have been subject to reversal on appeal, it is not thereby subject to an action for nullity. See Levy v. Stelly, 254 So.2d 665 (La.App. 4th Cir. 1971), writ denied 260 La. 403, 256 So.2d 289 (1972).
For the above reasons, the judgment of the trial court in favor of the Department, dismissing Beauchamp's suit is affirmed. Costs of this appeal are to be assessed against Beauchamp.
AFFIRMED.
NOTES
[1] Although there is no physical evidence that personal service was made upon the defendant in the suit to establish paternity, at the trial on the petition to annul the judgment, counsel for the Department stated that service had been made upon the defendant on October 23, 1982. The transcript actually states that service was made on October 21, 1983, but this is an obvious typographical error.
[2] Code of Practice, art. 607, in force until the time of the adoption of the Code of Civil Procedure, provided in part:

A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices...
La.C.C.P. art. 2004 adopts the jurisprudence of this article as it relates to this provision. La.C. C.P. art. 2004, Comment (b).
[3] In the paternity suit, the attorney for the Department called three witnesses, including Christine Evelyn Brown, Shagunda DeShawn Brown's mother, all of whom testified that Beauchamp continuously and unequivocally recognized the child as his own and established by a preponderance of evidence that Beauchamp was the child's natural father.
[4] In Griffin v. Succession of Branch, 452 So.2d 344 (La.App. 1st Cir.1984), writ granted 458 So.2d 108 (La.1984), this Court held that a child entitled to legitimate filiation may not institute a proceeding to establish filiation to another man. However, LSA-R.S. 46:236.1(F), as amended by Act 720, § 3 of 1981, authorizes the Department of Health and Human Resources to "take direct civil action, including actions to establish filiation against the alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibilities under this Section." See also Developments in the Law, 1980-1981Persons, 42 La.L.Rev. 403 (1982).