SCHOTT, Chief Judge.
This is an action by Mary Bonnette, ap-pellee, to annul a default judgment taken against her by Sentry Insurance Company and Julius Gindi & Sons, Inc. She alleged that she had not been served with process and had no knowledge of the suit prior to judgment even though the record contained a return on the service showing that she was served in person by a deputy sheriff on February 10,1986. The trial court nullified the judgment and Sentry and Gindi have appealed.
The original suit was filed against appel-lee on January 28, 1986. Appellants instructed the sheriff to serve her at 503 Robert S. Drive in New Iberia.
The summons addressed to appellee at the New Iberia address was received by the Iberia Sheriffs Office on February 7, 1986, and the return shows personal service on appellee on February 10, 1986, by E. Babineaux. Printed under his signature was the title “Deputy Sheriff of Orleans Parish”.
Appellee testified that she had lived at the New Iberia address with her mother until December, 1985 when she moved to Lafayette. She denied being personally served in New Iberia although she had no recollection of her whereabouts on February 10, 1986. Her roommate testified that they were living in Lafayette at this time although she had no recollection of February 10, 1986.
Edmund J. Babineaux testified by deposition that he was the deputy sheriff of Iberia Parish who made the service on February 10 and signed the return. He stated that he went to the 503 Robert address and asked for Mary Bonnette. In a few minutes a lady came to the door and identified herself as Mary Bonnette. He handed the papers to her.
At the conclusion of the trial the judge stated:
Based upon the evidence in the record, the Court finds and notes the following. That the sheriffs return made part of the record shows return for personal service, return for personal service on the 10th day of February, 1986, served a copy on Mary Bonnette in person 2-10-86, returned same day, signed E. Babino, Deputy Sheriff, Orleans Parish.
Mr. Babino is not a deputy sheriff of Orleans Parish and the deposition introduced indicated he was a deputy sheriff for another service. This service is defective. Sheriffs office screwed up or it was not filed properly. Court finds no service.
The law controlling this case was summarized by this court in Blackburn v. Deason, 447 So.2d 617 (La.App. 4th Cir.1984) citing Hood Motor Company Inc. v. Lawrence, 334 So.2d 460 (La.App. 1st Cir.1976). Under C.C.P. art. 1292 the sheriffs return is considered prima facie correct so that the burden is squarely upon the party attacking the return. This burden can only be met by clear and convincing proof that the endorsement on the return is erroneous and a return cannot be impeached by the uncorroborated testimony of the party upon whom service is said to have been made by the officer.
*349 In this case the deputy sheriff who made the service testified unequivocally that he made personal service on someone who identified herself as appellee at the address where appellee’s sick mother was living. Her testimony that she was not served was uncorroborated. Her roommate’s testimony did not touch upon the question at issue. Appellee’s self serving, uncorroborated testimony did not rise to the quality of proof required by the above authorities.
We are aware of the fact that the Blackburn case was an affirmation of the trial court so that the trial court’s credibility call was left intact. But we do not perceive a clear cut credibility call in the trial court’s reasons for judgment here. According to those reasons the trial court was largely influenced by the failure of the deputy to show on the return that he was a deputy sheriff of Iberia Parish rather than Orleans as the printed form stated. This obviously harmless, clerical, formal error should not have been the basis for disregarding the return which was more than sufficiently supported by the testimony of the deputy himself.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of defendants, Sentry Insurance Company and Julius Gindi & Sons, Inc., and against plaintiff, Mary Bonnette, dismissing her action of nullity at her cost.
REVERSED AND RENDERED.