No. 3694

Second Circuit

BROOK-MAYS & CO. v. RILES ET AL.

(December 31, 1929. Opinion and Decree.)

J. Norman Coon and J. C. Theus, Jr., of Monroe, attorneys for plaintiff, appellee.

Dawkins & Dawkins, of Monroe, attorneys for defendants, appellants.

WEBB, J. On April 3, 1928, plaintiff, Brook-Mays & Company, sold a piano to Mrs. H. L. Riles, wife of H. L. Riles, at the price of $495, of which $35 was paid at the time of the sale, and for the balance of $460 Mrs. Riles gave her note, payable in monthly installments of $15 each, bearing six per cent per annum interest from April 3, 1928, and stipulating ten per cent as attorney's fees in event the note should be placed in the hands of attorneys for collection, and providing that, in the event of failure to pay any installment at maturity, all installments should become due and payable, and to secure the payment of the principal, interest, attorney's fee and cost, Mrs. Riles gave a chattel mortgage on the piano.

The property was delivered at the residence of the husband and wife, and payments made on the note aggregating $85. The piano was destroyed by fire, and no further payments being made on the note, plaintiff, after demand on Mrs. Riles and her husband, H. L. Riles, for payment, brought this action to recover judgment against them in solido; it being alleged that the purchase had been made by Mrs. Riles at the request and with the consent of her husband for the use and benefit of the community existing between them, and had inured to the benefit of the community, and H. L. Riles had made payments on the note.

Mrs. Riles did not make any appearance, and her husband, H. L. Riles, after filing an exception of no cause of action, answered admitting the existence of the marital relationship, and otherwise denied

plaintiff's allegations, and on trial, judgment being against defendants in favor of plaintiff as prayed for, H. L. Riles alone appeals.

Appellant states that the only question involved is whether or not the wife can bind the community by giving a promissory note in payment of property not classed as a necessity, and while the question might involve the consideration of the law regulating the community existing between married persons, as well as the right of a married woman to acquire property for her separate use and benefit or her separate estate, but conceding that the wife did not have authority to purchase the piano and bind the community, the presumption of law is that the property fell into the community and became an asset of the community (art. 2402, Civil Code), and it is not suggested that the husband may not ratify the contracts of the wife made for the benefit of the community.

In the present instance, it was shown that the husband knew of the purchase by the wife and that she had given the note, as he had made payments thereon, and it was also shown that he regarded and dealt with the property as a community asset, and the community being the beneficiary of the contract, we are of the opinion that the husband should be held to have ratified the contract made by the wife, and that he was properly held liable on the note given by her.

The judgment is affirmed.