256 So.2d 614

**ROYAL FURNITURE COMPANY OF BATON ROUGE, Inc.**

v.

**Ernest BENTON, Jr., et ux.**

No. 51119.

Jan. 17, 1972.

Doris Gates Rankin, Baton Rouge, for defendant-applicant.

Aubrey L. Moore, Baton Rouge, for plaintiffs-respondents.

BARHAM, Justice.

Royal Furniture Company of Baton Rouge, Inc., filed suit against Ernest Benton, Jr., and Mary Benton, his wife, for non-payment of a promissory note signed by Mary Benton on January 14, 1967, alleging that the indebtedness was a community obligation, and that Ernest Benton, Jr., had "ratified the purchase and debt on behalf of the community as is witnessed by said amount paid on said note and chattel mortgage". Judgment was rendered by default against both the Bentons. When a writ of garnishment was issued against his wages on the basis of this judgment, Benton filed a petition for nullity of judgment, preliminary injunction, and damages. Royal Furniture in response filed an exception of no right or cause of action, and the trial court sustained the exception. On Benton's appeal the First Circuit Court of Appeal affirmed, 242 So.2d 69, and we granted certiorari on Benton's application, 257 La. 616, 243 So.2d 532.

Benton's petition for nullify, based upon fraud or ill practices under Code of Civil Procedure Article 2004, makes only the following allegation:

"* * *

"2. The judgment is null and void and should now be formally vacated and set aside for the following reasons:

"a. *The cause of action was based upon an installment note* secured by a chattel mortgage, which installment note and chattel mortgage were not executed by Ernest Benton, Jr.

"b. That the obtaining of the judgment against Ernest Benton, Jr. was by fraud or ill practices in that *Ernest Benton, Jr. was not a maker of the installment note* and

chattel mortgage upon which the suit was based.

" * * * " (Emphasis supplied.)

It is conceded that Ernest Benton does not appear as a signatory upon the note. Since his only allegation of fact to support fraud or ill practices is that the sole cause of action in the original petition was upon a note which he did not sign, we must first determine whether that allegation of fact would support an action in nullity.

 R.S. 7:18 (Section 18 of the Uniform Negotiable Instruments Law) provides: "No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. * * * " The exceptions are inapplicable to the present case, where the only signature on the instrument is that of Mary Benton, a real person, and her signature is not modified by any phraseology indicating that she appeared in any capacity other than as an individual or that she represented any other person. We are of the opinion that Ernest Benton could not have been held liable *on the note.* Therefore, if our construction of the pleadings would lead us to conclude that the judgment obtained by Royal Furniture *must* have been obtained *on the note,* Benton's allegations would state a cause of action in nullity.

Code of Civil Procedure Article 891 retains fact pleading in our law, requiring that the petition contain a concise statement of the object of the demand and of the material facts and a prayer for judgment for the relief sought. Article 862 provides that " * * * a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings * * * ", except as provided in Article 1703. Article 1703 says: "A judgment by default shall not be different in kind from or exceed in amount that demanded in the petition." Article 865 provides: "Every pleading shall be so construed as to do substantial justice."

 We have repudiated the theory-of-the-case pleading of the common law. It was said in Columbia Finance Corporation v. Robitcheck, 243 La. 1084, 150 So.2d 23: " * * * It is well established that a pleading must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice. Hence, we look to the substance of the demand." See also West v. Ray, 210 La. 25, 26 So.2d 221, and Succession of Smith, 247 La. 921, 175 So.2d 269.

 While a judgment by default cannot differ "in kind from or exceed in amount" the demand, the pleadings which lead up to the demand, or prayer, upon which a default judgment is based are to be construed no more restrictively than pleadings suggestive of other judgments.

■ The allegation that Ernest Benton had "ratified the purchase and debt on behalf of the community", read with the entirety of the petition, sufficiently alleges that he assumed the debt represented in the note and obligated himself to pay the debt specified in the note, so as to permit evidence at the trial that he owed that full indebtedness, the note. While he could not be held liable *on* the note because he did not sign the note and his wife did not sign in a representative capacity as agent for the community, he, as head and master of the community, could assume the obligation represented in the note just as any third party could assume the obligation in a note. This is a contractual or quasi-contractual liability not arising under the Negotiable Instruments Law. We do not believe Standard Manufacturing Co. v. Dupuis, 6 La.App. 476 (1st Cir. 1927), and Brook-Mays & Co. v. Riles, 12 La.App. 178, 125 So. 475 (2nd Cir. 1929), conflict with this holding. We construe these cases to hold that, under circumstances like those in the present case, the husband may be held liable *for* the amount of the note in a suit by the original payee or holder.

■ We took particular note in the granting of this writ of the Court of Appeal's statement: "We hold that in cases involving the original parties to a transaction in which the wife was acting for the community in executing a promissory note, the husband in his capacity as head and master of the community is a proper party defendant in a suit filed thereon, and as such is liable for the note. Article 735, Code of Civil Procedure." This is an incorrect statement of the law under the facts of this case, where the wife did not sign the note as agent.

■ We were most concerned in an examination of this case with whether Royal Furniture's petition against the Bentons could be construed so that Ernest Benton, Jr., might be liable for attorney's fees, which can only be obtained where specified by contract or law. It is our determination that the petition as a whole can be construed to allege Benton's assumption of the contract represented by the note and therefore his assumption of the full debt in the note. This persuades us that a judgment for the balance due, interest, and attorney's fees can be sustained under the pleadings.

The judgment does not differ from or exceed the demand, and it could have been supported by evidence admissible under the pleadings. We therefore accord the required presumption of correctness and validity to the statement in the judgment " * * * on their producing due proof in support of petitioner's demands, the law and evidence being in favor thereof * * *".

For the reasons stated, the judgment of the Court of Appeal is affirmed. Ernest Benton, Jr., plaintiff in the action for nullity, is to pay all costs.