295 So.2d 24 (1974)
Peter FAILLA, d/b/a Fashion Floors
v.
Betty GRANDEURY, wife of/and Lucien Grandeury.
No. 6202.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1974.
Reed, Reed & D'Antonio, Metairie, Guy J. D'Antonio, II, for plaintiff-appellant.
Ray S. Clement, Metairie, for Lucien Grandeury, defendant-appellee.
Before LEMMON and STOULIG, JJ., and MARCEL, J. Pro Tem.
*25 STOULIG, Judge.
Plaintiff, Peter Failla, doing business as Fashion Floors, has appealed a judgment dismissing his suit against defendant Lucien Grandeury for a debt incurred by his now divorced wife while the community between them had still been in existence. At the time suit was filed the former Mrs. Grandeury had remarried and was living in Mississippi. Plaintiff's petition alleges defendant is liable because (1) "Mrs. Lucien Grandeury" signed a $229 promissory note as defendant's authorized agent; or (2) the carpeting for which the note was given was a community necessity and/or defendant ratified the transaction after the sale was made.
These facts are uncontroverted: In July 1969, Mrs. Grandeury moved from the matrimonial domicile in New Orleans and established a separate residence for herself and her children in Biloxi, Mississippi; on October 15, 1969, she bought carpeting and signed the note upon which plaintiff filed suit; she installed the carpet in her Biloxi home; and at Thanksgiving 1969, while defendant was visiting the children in Biloxi, his estranged wife told him she bought the carpet at a sale in Mississippi.
The litigants dispute whether defendant acknowledged the debt and agreed to pay it subsequent to the sale. Plaintiff testified he sent statements to the Grandeury home (he did not say to whom they were addressed) and defendant claimed no bills came addressed to him. He said any mail addressed to his wife was forwarded to her Biloxi residence. According to defendant, plaintiff first asked him to pay for the carpet in September 1971 by calling on him at the police station where he was performing his duties as a police officer. At that time, he refused to pay or assume responsibility for the indebtedness.
Based on these facts, we affirm the judgment of the trial court. For defendant to be liable on the promissory note, he would have had to sign it or his wife's agency would have been apparent on the face of the instrument. Because she was the only signatory and there was no indication she was acting in a representative capacity for the community, the defendant, as head and master of the community, is not liable per se on the note. See Royal Furniture Company of Baton Rouge v. Benton, 260 La. 527, 256 So.2d 614 (1972).
Nor can we hold defendant liable on the theory he ratified the agreement. The trial court accepted his testimony that he thought the carpet was purchased for cash and that plaintiff's first demand for payment in September 1971[1] was rejected. There is nothing in the record to indicate the trial judge erred in assigning more weight to defendant's testimony than to the contradictory statements of Mr. Failla. Absent a finding of manifest error, we adopt his findings.
Finally, we reject the argument Mr. Grandeury is liable because the carpeting constituted a community necessity. For plaintiff to prevail under this theory, he would have been required to prove (1) the carpeting was a necessity and (2) the husband had failed or refused to furnish it. If we assume in the present case the carpeting was a necessity, we note the record is devoid of evidence establishing Mr. Grandeury's failure or refusal to provide this item. See General Tire Service v. Nash, 273 So.2d 539 (La.App. 1st Cir. 1973).
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are to be borne by appellant.
Affirmed.
NOTES
[1] Approximately 23 months after the sale and 22 months after defendant observed the rug in the home of his estranged wife, demand was made.