MARVIN, Judge.
Claudie Lee Ivey appeals from an “amended judgment” in a proceeding for partition by licitation which held that he was not the owner of an undivided Vu interest in the property as he had earlier asserted by informally intervening in the proceeding and as a default judgment had earlier recognized. We affirm the result.
The property was at one time apparently owned by the parents of Claudie Lee Ivey. In 1954 the one-half community interest of Claudie Lee Ivey’s father was sold at sheriff’s sale. The seven Ivey children later purchased the one-half interest.
In 1968, Claudie Lee Ivey sold by warranty deed an undivided Vi interest in the property, notwithstanding that he only owned Vi of Vi, or a Vu interest. Claudie Lee Ivey’s vendee later sold by warranty deed the Vi interest to Johnston and Farrar, appellees herein.
In 1969, Claudie Lee Ivey’s mother died and in 1971 he was judicially placed into possession of an undivided Vu interest of the whole of the property.
This partition suit was brought in 1976. Claudie Lee Ivey was not mentioned or named as a defendant in the suit. Fifteen defendants were named as owning various fractional interests, including Johnston and Farrar, who were alleged to be co-owners of an undivided Vi interest.
*1182 On June 30, 1977, a pre-trial statement was signed and filed by several attorneys representing some of the respective named defendants. This pre-trial statement did not mention Claudie Lee Ivey. One of the attorney-signers later became the attorney for Claudie Lee Ivey. On October 19, 1977, Claudie Lee Ivey, in a pleading simply styled “Motion”, asserted that he acquired a Vm interest in the property by inheritance from his mother and that he desired to have the judgment reflect his fractional ownership. This motion was not served on Johnston and Farrar nor on any other defendants in the principal action. Plaintiff and three of the 15 defendants filed a pleading on October 19, 1977, stating that they had “no objection” to Claudie Lee Ivey’s filing his motion.
We deem Claudie Lee Ivey’s motion to have been intended to serve as a petition of intervention asserting his rights to a fractional interest in the property. See CCP Arts. 1091-1094. Service on all parties to the principal action as provided in CCP Art. 1314 was absolutely necessary. CCP 1093.
A preliminary default had been entered against Johnston and Farrar and four other defendants on June 1,1977. On October 19, 1977, the date Claudie Lee Ivey filed his motion (petition to intervene, as we deem it), judgment on the principal demand was signed recognizing various fractional interests in the property and ordering partition by licitation. As to Johnston and Farrar, it was a judgment by default. The judgment was not served on Johnston and Farrar. It recognized them as co-owners of only a Vu interest and recognized Claudie Lee Ivey as the owner of a Vu interest.
On January 17,1978, alleging the discrepancy between the allegations of the principal action and the judgment of October 19, 1977, and their reasons for not contesting the principal action, Johnston and Farrar filed a petition to enjoin the partition sale scheduled for the next day. Eventually the sale occurred and Johnston and Farrar on the one hand, and Claudie Lee Ivey on the other hand, were ordered to brief the issue of their respective ownership, if any, for the trial court and the contest was relegated to the proceeds attributable to the disputed Vu interest which was claimed by Claudie Lee Ivey in his intervening “motion”.
Written reasons for judgment below, stated: “The [lower] court granted a new trial and ordered it submitted on briefs . as relates to . the specific interest the parties have in and to the property in question . . [Johnston’s and Farrar’s] memorandum brief urges the impropriety of the judgment [of October 19, 1977, granting Claudie Lee Ivey an undivided Vi4 and granting them only a Vu interest] and asserts their ownership of an undivided one-seventh (Vi) interest by way of after acquired title.” The court then said:
“. . .in reviewing the memorandum filed by each party and the cases cited therein, and in reviewing the case of Tillery v. Fuller, 190 La. 586, 182 So. 683, finds that it was the intent of the original vendor to sell a one-seventh (Vi) interest at the time of the sale, even though there was only a one-fourteenth (Vu) interest marketable. The Court finds that there was not an intention to sell the succession of a living person as prohibited by the Code, but rather to sell his interest in and to the property which he had. The vendor sold all of his interest in said property which was a one-fourteenth (Vu) interest at that time and when the vendor later acquired an additional interest by succession, making his total interest a one-seventh (Vi), the totality of his original intent, i. e., one-seventh (Vi) interest was then consummated. The Court finds it was then conveyed to the vendees and defendants herein, Farrar and Johnston, by the doctrine of after-acquired title.
“Therefore, the Court finds that the defendants, Farrar and Johnston, have a total of an undivided one-seventh (Vi) interest in and to the property or a one-fourteenth (Vu) interest each.
“Further, the Court finds that a default was entered against the defendants, Farrar and Johnston, and that default *1183 was confirmed. The Court finds through Article 1703 of the Code of Civil Procedure that the judgment cannot differ in kind or exceed in amount from the original prayer. Thus the original judgment signed was an error in calculation by the Court and the Court orders it amended to reflect the amounts and kind as originally set out.”
An “amended judgment” was signed to this effect on August 2, 1978, from which Claudie Lee Ivey appeals. He raises several procedural issues here,[1] which in a different setting perhaps would have some merit. This procedural setting, however, was provoked entirely by Claudie Lee Ivey’s failure to make the required service of his “motion” of October 19, 1977, as required by law.
By asserting his alleged Vw inherited interest, Claudie Lee Ivey, in effect, was contesting with Johnston and Farrar the question of whether he or they owned the Vi4 interest he inherited from his mother after having sold by warranty deed an undivided Vi interest. He could have done this in a direct action or by way of intervention. The judgment recognizing him as a Vu owner, insofar as it affected Johnston and Far-rar, is an absolute nullity because Claudie Lee Ivey’s motion (petition of intervention) was not served on the parties to the principal action as required by CCP 1093.
The prayer of a petition must be read in connection with the allegations of the petition in order to determine the effect or validity of a default judgment under CCP 1703. Royal Furniture Company of Baton Rouge v. Benton, 260 La. 527, 256 So.2d 614 (1972). The default judgment as to Johnston and Farrar (a Vi4 interest instead of a Vn interest as alleged) then was also null. Since this nullity was so interrelated with the nullity of that part of the judgment recognizing Claudie Lee Ivey as the owner of a Vu interest, we shall consider the effect as one. A judgment which is absolutely null because of lack of service may be questioned by anyone against whom it is interposed and whenever and wherever it is asserted, even collaterally by injunction. Succession of Barron v. Oden, 345 So.2d 998 (La.App. 2d Cir. 1977).
Claudie Lee Ivey responded to the lower court’s order that the issue of ownership of the disputed Vu interest be submitted on briefs. No claim or showing of prejudice is raised that Claudie Lee Ivey was deprived of procedural or substantive due process by this procedure. The factual contentions of each party were fully presented and argued below. The court which rendered the judgment which we have agreed was null insofar as it pertained to the disputed Vu interest, had jurisdiction and had the proper disputants and facts before it. However loosely, and notwithstanding procedural mislabeling and misstatement of the issues, the crucial determination now before us is whether or not the lower court was correct in applying the warranty concept of after-required title under the circumstances.
We find the lower court correctly applied the law. One who sells by warranty deed an interest in land which he does not then own and who later acquires an interest by inheritance, cannot claim the inherited interest against those vendees to whom he has warranted the interest, because such after-acquired title must legally inure to the benefit of those vendees. “This doctrine is so well established that it [is] unnecessary to discuss it further.” Jackson v. United Gas Public Service Co., 196 La. 1, 198 So. 633, 637 (1940). CC 2476. See also our discussion of *1184 the effect of the seller’s warranty in Dillon v. Morgan, 362 So.2d 1130 (La.App. 2d Cir. 1978). Claudie Lee Ivey did not sell the succession of a living person contrary to CC Arts. 2454, 1887. The sale of an undivided W interest in a specifically described tract of land is not contrary to CC Art. 2454.
The result below is correct. For these reasons, and for reasons assigned below to the extent modified here, at appellant’s cost, judgment is
AFFIRMED.

. These issues concern:
The authority of a trial court to grant a new trial on its own motion after delays have expired;
Whether the judgment of October 19, 1977, relating to the 7m interest in question was an error of calculation and whether an amendment of that judgment was form or substance;
Whether defendants should have been allowed to present evidence or legal argument after October 19, 1977, when they did not plead to the plaintiffs petition in the principal action; and
Whether the judgment of October 19, 1977 exceeded the prayer of the petition in the principal action which sought only a partition of the property.