470 So.2d 966 (1985)
Martha GOODSON, et al.
v.
James M. SILLS, Sr.
No. 84-CA-0130.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
Rehearing Denied June 27, 1985.
*967 Bernard H. Berins, New Orleans, for plaintiff, appellant.
A. William Mysing, Jr., Covington, for defendant, appellee.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
James M. Sills, Sr., brought this action to annul a default judgment rendered against him. The trial court annulled the judgment; we reverse.
On August 5, 1982, Mr. and Mrs. Goodson filed a breach of contract suit against Mr. Sills, seeking damages of $420,000 and attorneys' fees. Mr. Sills, an Alabama resident, was served pursuant to the Long Arm Statute, LSA-R.S. 13:3201 et seq. The return receipt in the record shows that the certified copy of the petition and the citation were delivered to Mr. Sills on August 14, 1982; the return receipt was signed by Mr. Sills himself. No answer was filed, and a preliminary default was entered on September 23, 1982. The default was confirmed on October 11, 1982, and judgment was rendered for plaintiffs in the amount of $262,761.91 plus attorneys' fees of $3,406.25. All costs were *968 taxed against the defendant. No appeal was taken from this judgment.
On January 21, 1983, Mr. Sills filed a petition to annul the judgment, alleging that he was never served with the citation and copy of the petition, that the service made on him was improper, and that the default judgment was obtained by fraud and ill practices. After a trial, the judge concluded that service was properly made upon Mr. Sills pursuant to the Long Arm Statute. Nevertheless, the court concluded that the judgment was obtained by ill practices, and annulled the judgment on the authority of article 2004 of the Code of Civil Procedure. According to the court, these improper practices were (1) the lack of corroborating circumstances to prove the existence of certain items of damages, (2) enlargement of the pleadings at the confirmation hearing, and (3) failure of the plaintiffs to establish entitlement to attorneys' fees.
Plaintiffs appeal, asserting that what the trial judge referred to as improper or ill practices are in actuality questions of law, and that errors of law may not be raised in a nullity action. We agree. "A final judgment obtained by fraud or ill practices may be annulled." LSA-C.C.P. art. 2004.
Our jurisprudence gives the criteria for determining whether a judgment has been obtained by fraud or ill practices: "(1) The circumstances under which the judgment was rendered [show] the deprivation of legal rights of the litigants seeking relief, and (2) the enforcement of the judgment would ... [be] unconscionable and inequitable." Johnson v. Jones-Journet, 320 So.2d 533, 537 (La.1975).
Despite Sills' assertion of fraud and ill practices in the service of the citation and petition,[1] the court concluded that proper service was made on Sills and that the default judgment was properly taken. Sills thus was not deprived of the right to appear and assert any defense he had. In view of the fact that the defendant was properly served, it is certainly not unconscionable to enforce a judgment in accordance with the prayer of the petition which he received.
It is well settled that "a default judgment may not ... go beyond the scope of the prayer in the petition." Graham v. Metzler, 402 So.2d 768, 770 (La.App.4th Cir.1981) (citing LSA-C.C.P. art. 1703). Contrary to the trial court's finding, the pleadings were not enlarged at the confirmation hearing. The petition alleged Sills had agreed to build a house for the Goodsons, that Sills had breached the contract in bad faith, and that consequently $420,000 would be required to have someone else complete the job.
Sills argues that because the Goodsons did not specify that part of the amount prayed for included amounts paid to third parties for various services and supplies, it was error for the court to allow evidence thereon at the confirmation hearing. We note, however, that pleadings must be reasonably construed to afford the litigant his day in court, to arrive at the truth, and to do substantial justice. LSA-C.C.P. art. 865; Royal Furniture Co. v. *969 Benton, 260 La. 527, 256 So.2d 614, 616 (1972) (citations omitted). Furthermore the pleadings and prayer upon which a default judgment is based are to be construed no more restrictively than other pleadings. Id.
The petition alleged that a total of $420,000 would be required to complete the job abandoned by Sills. There is no requirement for an itemized list in the petition. The fact that some amounts had already been paid to third parties is of no moment, since these amounts clearly fall within the boundaries of the amount necessary to complete the job. The judgment rendered was for considerably less than the amount prayed for.[2] Accordingly, the default judgment did not exceed the scope of the prayer.
The trial judge in the nullity action, however, concluded that the court in the original action committed legal error by not holding plaintiffs to the proper burden of proof of all items of damages it awarded, and reasoned that the rendition of a judgment imposing greater liability than the law allows constitutes ill practice. Assuming without deciding that the original judgment was legally wrong, it cannot be annulled simply for that reason. The correctness of the judgment must be questioned on appeal. A nullity action is not a substitute for an appeal. Gladstone v. American Automobile Association, 419 So.2d 1219, 1222 (La.1982).
Since defendant did not establish any grounds upon which the judgment can be annulled, the trial judge erred in doing so. We therefore reverse. All costs of this appeal are assessed against defendant-appellee.
REVERSED.
NOTES
[1] There were at least two other court actions involving this same dispute. Both defendant and his attorney admit receiving the Long Arm Service package, but they suggest that plaintiffs' attorney sent a copy of the petition in an already pending case, rather than the petition in the action now at issue. This is not substantiated by the record.

An attorney who was not involved in this suit testified that he met with defendant's attorney to discuss a settlement of a pending federal court case involving the same dispute. He referred to the default judgment that is the subject of this nullity action, whereupon defendant's attorney seemed surprised and asked him to look through the file to see how such a thing could have happened. The attorney testified that when he looked in the file, he saw the copy of the petition in this case.
Defendant and his attorney also claim that plaintiffs' attorney led them to believe the package pertained to the earlier suit which they already knew was pending. Although both the defendant and his attorney may have assumed that the package which contained the citation and petition in this case referred to another case which was already pending, there is no evidence that the plaintiffs' attorney engineered such an assumption.
[2] From evidence adduced at the confirmation hearing, the trial court concluded that the Goodsons had paid Sills $323,859.07, and $65,164.49 to subcontractors and other third parties procured by Sills; that an additional $288,805.00 would be required to finish the house plus additional interest expense of $16,433.35 because of Sills' breach, thus giving a total of $694,261.91. From this amount the court subtracted the contract price of $400,000.00 and the extras amounting to $31,500.00 and arrived at the judgment amount of $262,761.91.