ARMSTRONG, Judge.
Philip Sunseri and Beverly Gilchress Sun-seri were married on July 11, 1952. They separated on October 20, 1975 and were granted a divorce on March 29, 1978. On April 27, 1978 the Sunseris partioned the community property by authentic act.
Beverly Sunseri filed a petition seeking recission of the community property settlement alleging that she had been fraudulently induced into assenting to the community property partition by her former husband’s misrepresentation of the value of the community property. Ms. Sunseri also sought damages for mental anguish and attorney’s fees in connection with the alleged fraudulent acts.
After a trial on the merits the suit was dismissed. In its reasons for judgment the trial court stated:
[t]he court concludes from the evidence that Mrs. Sunseri did not at all sustain or carry the burden of proof that she had ... The evidence further shows prepon-derately that Mr. Sunseri did not deceive her, did not lie to her, did not take advantage of her, and did not act in bad faith

Ms. Sunseri states that she is appealing from the trial court’s failure to decree the act of partition defective for lesion beyond one-fourth. LSA-C.C. Art. 1398.
In response to that assertion defendant claims that plaintiff failed to plead lesion and that plaintiff failed to meet her burden of proof.
Plaintiff’s petition in pertinent part reads as follows:
8.
That following the obtaining of the divorce by the defendant, and while the plaintiff was in a severe and disabling mental state suffering frequent disorientation, the defendant induced her to sign a “Partition of Community Property” agreement, purporting to be an equal division of the property of the plaintiff and the defendant, and a copy of the said “Partition of Community Property” is annexed hereto and made a part hereof.
9.
That in truth and in fact, plaintiff now realizes she was induced to sign the agreement by her husband by virtue of fraudulent and untrue representations made to her by him concerning the value and quality of the community property.
10.
That plaintiff believes and therefore alleges that the defendant’s share is disproportionately greater than the share of community property allotted to her by him.
11.
That plaintiff believes and therefore alleges that the defendant has concealed the true values of the properties from her, fraudulently, for the purpose of deceiving her and depriving her of her just and true share of the community.
12.
That plaintiff believes and alleges that the defendant has concealed assets from her for the purpose of fraudulently depriving her of her true and proper interest therein.
*1005 13.
That plaintiff alleges that the defendant has damaged her by his fraudulent misinformation to her in excess of ONE HUNDRED THOUSAND AND NO/lOO ($100,000.00) DOLLARS and has caused an aggravation of her mental anguish and mental suffering to the extent of FIFTY THOUSAND AND NO/100 ($50,-000.00) DOLLARS.
14.
That because of the bad faith of defendant in the procuring of the dissolution of the marital contract and the purported division of the property that were the consequences of the marital contract, all by the fraudulent representations of the defendant, the defendant should be required to pay plaintiff’s attorney’s fees.
With regard to the pleadings, it is well established that “Louisiana has repudiated the theory of the case doctrine of the common law and it is not necessary for a litigant to plead a theory of recovery. Royal Furniture Company of Baton Rouge v. Berton, 260 La. 527, 256 So.2d 614 (1972); Cox v. W. M. Heroman & Co., Inc., 298 So.2d 848 (La.1974); Allbritton v. McDonald, 363 So.2d 925 (La.App.2d Cir.1978), writ refused 366 So.2d 561 (La.1979).” Succession of Hearn, 412 So.2d 692 (La.App. 2nd Cir.1982).
In Hearn, supra, the plaintiff claimed that the defendant, as executrix, had a duty to inform forced heirs of any claims to the succession and that the defendant breached that duty. The following allegation was made in the Hearn plaintiff’s petition:
That the defendant, Mamie Slack Hearn, knew that the decedent had been previously married to Myrtice Ruth Hogue and the defendant knew that petitioner was born during that marriage; however, defendant made no attempt to contact petitioner after the decedent’s death, and she petitioned this court alleging that the decedent left no descendants.
Consequently, the Hearn court stated, “The only allegation missing from the petition in this case concerning the alternate theory of recovery is the allegation of a legal conclusion to specifically point up this basis for recovery. However, such an allegation is not required. Louisiana has a system of fact pleading in which the litigants are not required to plead a theory recovery.” Supra, at 699.
The Hearn case illustrates that plaintiffs need not state a specific theory of recovery in order for that theory to provide the grounds for recovery. Similarly, in the instant case the plaintiff stated in her petition, “That plaintiff believes and therefore alleges that the defendant’s share is disproportionately greater than the share of community property allotted to her by him.” Although this argument is framed in the context of the allegation of fraud, it does, nevertheless, place the question of disproportion in the partition before the court. Thus, we hold that the trial court should have considered the issue of whether the community property partition was in fact lesionary.
“The proper way to determine lesion beyond one-fourth is to first determine the true value of the property partitioned and to then calculate whether a party received three-fourths of his share. La.Civ.C. arts. 1860, 1861, and 1398 ...” Decuers v. Decuers, 441 So.2d 788, 791 (La.App. 5th Cir.1983) (citations omitted).
The evidence indicates that the community property consisted of the family home at 3700 Huntlee Street, some commercial rental property at 401 Opelousas Street, and two double houses at 1634-36 and 1638-40 Behrman. Mrs. Sunseri received the two double houses which were each valued at the time of partition at $19,500.00.
Mrs. Sunseri presented the expert testimony of appraiser, Mr. Eason, regarding the values of the community property. Mr. Sunseri presented expert testimony from appraiser, Mr. Schmitt, regarding those values. That testimony is outlined as follows:
ESTIMATED VALUES Eason Schmitt
3700 Huntlee Drive 140,000 63,500
401 Opelousas Street 62,500 40,000
1634-36 Behrman Ave. 19,500 19,500
*1006 ESTIMATED VALUES Eason Schmitt
1638-40 Behrman Ave. 19,500 19,500
Total 241,500 142,500
MORTGAGES
3700 Huntlee Drive 34,507.75
401 Opelousas St. 16,555.03
1634-36 Behrman Ave. 2,013.19
1638-40 Behrman Ave. 2,849.08
55,925.05
NET ASSETS 185,574.95 86,574.95
PLAINTIFF’S SHARE ('A of net assets) 92,787.47 43,287.47
¾ PLAINTIFF’S SHARE 69,590.58 32,465.61
From these calculations it is apparent that if the trial court accepted Mr. Eason’s testimony as true then Mrs. Sun-seri would have a claim for lesion, since her share of the community property settlement, $39,000.00, is less than ¾ of what she would have been entitled to. In its decision, however, the court noted only that, “the settlement was freely and voluntarily entered into at arms length using the values which each party had suggested and agreed upon.” The fact that the parties voluntarily agreed on certain values does not defeat a claim for lesion. In order to establish a claim for lesion one need prove only “(1) the value of the property sold in the state in which it was at the time of the contract, according to the usual terms of credit given on sales of that nature, and (2) the difference between such value and the price received. From such difference, a determination must be made as to whether the lesion is sufficient to invalidate the contract. LSA-C.C. Art. 1870.” Beatty v. Vining, 147 So.2d 37, 45 (La.App. 2nd Cir.1962). Mrs. Sunseri presented evidence adequate to establish both of the required elements of proof.
In our opinion, however, we cannot make the ultimate determination in this case. The correct valuation of the property depends entirely upon the trial judge’s assessment of the credibility of the appraisers. Issues of credibility are best left to the discretion of the trial court because of its better position to observe and evaluate live witnesses. Cowley Corp. v. Shreveport Packing Co., Inc. of Kansas, 440 So.2d 1345 (La.App. 2nd Cir.1983), writ denied 444 So.2d 122. For that reason we remand the case to the trial court for a determination of whether the partition was in fact lesionary.
REMANDED.