499 So.2d 305 (1986)
Joe ALPHONSO
v.
CEMENT PRODUCT SERVICES, INC. American Excess Underwriters, Inc.
Joe ALPHONSO
v.
CEMENT PRODUCT SERVICES, INC. and American Excess Underwriters Inc.
Nos. CA 851010, CA 860889.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
Writ Denied February 20, 1987.
*306 Kenneth F. Sarama, Hammond, for plaintiff-appellee.
Iddo Pittman, Jr., Hammond, for defendants-appellants.
Before EDWARDS, WATKINS and Le BLANC, JJ.
*307 Le BLANC, Judge.
These consolidated appeals concern a suit for property damages allegedly resulting from the performance of construction work adjacent to plaintiff's residence.
On May 21, 1985, plaintiff, Joe Alphonso, filed suit in Hammond City Court against Cement Product Services, Inc., (CPS) and its insurer, American Excess Underwriters Inc. (AEU). While performing certain road construction and drainage work pursuant to a contract with the Louisiana Department of Transportation and Development, it was necessary for CPS to dig a large hole in plaintiff's lawn, measuring approximately eight feet in diameter, with a depth of ten feet. The digging of this hole allegedly caused the destruction of twenty full grown boxwood plants of the Richards variety, ornamental shrubs which grow to a height of approximately three feet and a width of two feet. The hole remained on plaintiff's lawn for a period of fifteen to sixteen months before it was finally filled in by him at his own expense.
Personal service of plaintiff's petition was made upon CPS, through its agent, on May 28, 1985, and upon AEU, through its agent, on May 29, 1985. As of June 10, 1985, neither defendant had filed an answer to plaintiff's petition. On that date a default judgment in favor of plaintiff was rendered against defendants for $5,000.00, plus $1,000.00 for attorney's fees. This judgment was itemized as follows: $2,000 for economic diminution of the value of plaintiff's property; $1,500 for replacement of the boxwood plants; $1,000 for the "extended value of the property ..."; $240 for the replacement of topsoil; and $260 for mental anguish. This judgment was read and signed in chambers on June 13, 1985.
On June 21 defendants filed a Motion for New Trial which was set for hearing on July 1. However, on June 24 the trial court recalled and set aside this order on the basis defendants' application for a new trial was untimely. On this same date, defendants perfected a suspensive appeal from the default judgment rendered on June 10.
Subsequently, on July 5, 1985, defendants filed a petition to annul the default judgment on the basis it was obtained by fraud and ill practices. Following a hearing, this matter was taken under advisement. Judgment was subsequently rendered on June 10, 1986, dismissing defendants' petition for annulment. Defendants took a devolutive appeal from this judgment on June 18, 1986. Upon motion of defendants, this appeal was consolidated with the appeal taken by defendants from the default judgment rendered on June 10, 1985.

ISSUES
The issues raised in this appeal are:
1. Whether a default judgment rendered in City Court on the ninth day following citation and service upon the defendant is premature?
2. Whether an award in excess of the plaintiff's prayer may be made in a default judgment?
3. Whether the trial court erred in awarding damages for mental anguish?
4. Whether the trial court erred in awarding attorney's fees?
5. Whether the default judgment rendered on behalf of plaintiff was subject to annulment on the basis of fraud or ill practices?

ISSUE ONE
Under Louisiana Code of Civ. Proc. art. 4915, defendants in City Court are entitled to ten days within which to file an answer to the plaintiff's petition. In this case, service and citation were made upon CPS's agent on May 28, 1985 and upon AEU's agent on May 29, 1985. Thus, CPS had through June 7 to file an answer and AEU had through June 10. Louisiana Code of Civ.Proc. art. 5059. The default judgment taken against defendants was rendered on June 10, 1985. This judgment was clearly premature as to AEU, since the period prescribed or allowed for it to file an answer had not expired at the time judgment *308 was rendered. Waters v. Keever, 442 So.2d 868 (La.App. 3rd Cir.1983). Further, this defect was not cured by the subsequent signing of the judgment after the proper delays had expired, since the judgment was invalid upon rendition.
Accordingly, this judgment is hereby set aside insofar as it relates to AEU and this matter is remanded to the trial court for trial on the merits as to AEU.

ISSUE TWO
Although plaintiff only prayed for judgment in the amount of $4,000.00, plus $1000.00 in attorney's fees, the trial court awarded him $5,000.00, plus $1,000.00 in attorney's fees. We agree with the defendant's argument that this constituted error on the part of the trial court. It is well established that a default judgment may not exceed the amount demanded in the plaintiff's petition. La.Code Civ.Proc. arts. 1703 and 4831; Royal Furniture Company of Baton Rouge v. Benton, 260 La. 527, 256 So.2d 614 (1972); Goodson v. Sills, 470 So.2d 966 (La.App. 1st Cir.1985).
In examining the trial court's judgment, we initially note that $1,500.00 was awarded for replacement of twenty boxwood plants, despite the fact plaintiff requested only $700.00 for this item in his petition. Accordingly, the award for this item must be reduced to $700.00. Additionally, we note there was no evidence to establish a prima facie case supporting the $1,000 award made by the court for the "extended value of the property." Thus, this portion of the judgment must be reversed. La.Code Civ.Pro.Art. 4916 B.
Once these items of damages are deleted, the judgment no longer exceeds the scope of plaintiff's petition.

ISSUE THREE
In order to recover for mental anguish, it must be shown that the plaintiff suffered more than minimal worry and inconvenience. Robertson v. Geophysical Service, Inc., 469 So.2d 22 (La.App. 1st Cir.1985). In the instant case, CPS dug a crater measuring eight feet wide by ten feet deep in plaintiff's front yard. Despite plaintiff's repeated requests that the hole be filled after the defendant's work was completed, the hole remained for over fifteen months. The hole filled with water and became a breeding ground for mosquitoes. Finally, plaintiff was forced to fill the hole himself. These circumstances obviously caused a great deal of anguish and worry for the plaintiff. See Daniel v. Department of Transportation and Development, 396 So.2d 967 (La.App. 1st Cir.), writ denied, 400 So.2d 1385 (La.1981); LaHaye Farms, Inc. v. Louisiana Department of Highways, 377 So.2d 1286 (La.App. 3rd Cir. 1979), cert. denied, 381 So.2d 1222 (La. 1980). We conclude that there was a sufficient showing to support the trial court's award of damages for mental anguish.

ISSUE FOUR
A party is not entitled to attorney's fees except where specifically authorized by statute or contract. Huddleston v. Bossier Bank and Trust Co., 475 So.2d 1082 (La.1985) Plaintiff has not stated any statutory or contractual basis authorizing an award of attorney's fees in this case. Although plaintiff claims he is entitled by statute to attorney's fees, he has cited no provision supporting this claim.
The award of attorney's fees made by the trial court is therefore reversed.

ISSUE FIVE
La.Code Civ.Proc. art. 2004 provides that a final judgment may be annulled if obtained by fraud or ill practices. A judgment obtained by fraud or ill practices is one where: (1) the circumstances under which it was rendered show a deprivation of the legal rights of the litigants seeking relief; and (2) enforcement of the judgment would be unconscionable and inequitable. Goodson v. Sills, 470 So.2d 966, 968 (La. App. 1st Cir.1985)
Defendant has raised no allegations with respect to plaintiff's conduct which even remotely constitutes fraud or ill practices.
*309 Defendant's allegations of ill practices center on the fact it received no notice plaintiff intended to take a default judgment and the fact that plaintiff prayed for damages in the amount of $4,000.00, despite having earlier offered in a letter to defendants to settle this matter for $650.00. Defendant argues that this letter was a judicial admission by plaintiff that his damages amounted to only $650.00.
First, we note that the mere taking of a default judgment without notice to opposing counsel of the intention of doing so does not of itself constitute fraud or an ill practice which would serve to nullify a default judgment. Albert v. Lirette, 394 So.2d 761 (La.App. 4th Cir.1981); Pace v. Reasing Rivers Const. Co., Inc., 377 So.2d 530 (La.App. 3rd Cir.1979). Further, in order to maintain an action of nullity based on allegations which could have been presented as a defense in the original suit, it must be shown the party seeking the annulment was deprived of knowledge of this defense or of the opportunity to present it by some fraud or ill practice. State v. Beauchamp, 473 So.2d 323 (La. App. 1st Cir.), writ denied, 477 So.2d 1125 (La.1985).
In this case, defendant was clearly put on notice upon service of plaintiff's petition that plaintiff was seeking damages in excess of that requested by him prior to suit. Defendant has offered no excuse for its failure to appear and defend this suit. Defendant can not successfully maintain an action for nullity on the basis of a defense which could and should have been presented in the original suit resulting in the default judgment. Beauchamp, supra.[1]
A trial court has great discretion in determining whether a judgment should be annulled because of fraud or ill practices. Id. We find no abuse of discretion in the instant case.

DECREE
Insofar as it affects American Excess Underwriters, the judgment appealed from is reversed and this matter is remanded to the trial court for trial on the merits.
Insofar as the judgment affects Cement Product Services, that portion of the judgment awarding damages for the replacement of the plants destroyed is reduced from $1,500 to $700; those portions of the judgment awarding $1,000.00 for the "extended value" of plaintiff's property, and $1,000.00 for attorney's fees are reversed. The judgment is affirmed in all other respects.
The costs of appeal are to be borne equally by defendant, Cement Product Services, and by plaintiff, Joe Alphonso.
REVERSED IN PART; AMENDED AND, AS AMENDED, AFFIRMED; AND REMANDED.
NOTES
[1] We express no opinion as to whether defendant's judicial admission argument would have constituted a successful defense, since it is not necessary for the Court to reach this issue.