517 So.2d 190 (1987)
Louis and Edna PHILLIPS
v.
Gussie PATIN, et al.
No. 86 CA 1418.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
*191 Emmett Batson, William T. Lowrey, Jr., Baton Rouge, for plaintiffs-appellants Louis & Edna Phillips.
Charles W. Rea, Baton Rouge, for defendants-appellees Gussie Patin & Gussie Armstead.
Before COVINGTON, C.J., and SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
Louis and Edna Phillips (plaintiffs) filed suit against Gussie Patin and Augusta (Gussie) Armstead (defendants) to recover the sum of $1,415.92 allegedly loaned to defendants. Both defendants were personally served but failed to appear or file responsive pleadings within the legal delays.
Edna Phillips appeared at a default judgment hearing and testified that she had been friends with two women, both named Gussie Patin, who lived together; that she later discovered the younger Gussie Patin was also known as Gussie Armstead; that she gave checks for various sums of money payable to Gussie Patin to the younger woman to be used to pay one of defendants' mortgage payments and several of defendants' utility bills; that she and her husband purchased a heater for defendants' home; that she intended at all times that the sums paid to defendants and on their behalf would be repaid; and that she demanded repayment of the sums to no avail. In support of Mrs. Phillips' testimony, plaintiffs introduced five checks written on the account of Mr. Louis or Mrs. Edna Phillips payable to and endorsed by Gussie Patin. Plaintiffs also introduced a sales receipt and credit agreement on the account of Mr. Louis Phillips from Sears, Roebuck & Co. for the purchase of a heater.
The trial judge granted the default judgment, stating: "I'm going to give you your judgment as prayed for.... Because I feel like that she did do it." Rather than appealing this judgment, defendants filed a pleading entitled "Petition and Rule for Nullity" in the same suit. Plaintiffs then filed an exception of no cause of action to the nullity petition. Defendants amended their petition before the hearing on the exception, and the exception was overruled.[1]
At the trial of the nullity action, defendants' attorney stated that the basis of their claim of nullity was that Mrs. Phillips' testimony was incorrect, and thus testimony was limited to that issue. The only witnesses at the trial were defendants, who each testified that the money was a gift to the older Gussie Patin; that the younger woman cashed the checks and gave the money to the older woman; that the heater was a Christmas gift; and that Mrs. Phillips told them the money was a gift and not a loan.
The trial court, without oral or written reasons, granted the petition for nullity and entered a judgment annulling and vacating the original judgment. Plaintiffs appeal this judgment of nullity.[2]
Under article 2004 of the Code of Civil Procedure, any final judgment obtained by fraud or ill practices may be annulled. The criteria for determining whether fraud or ill practice has been committed are: (1) when the circumstances under which the judgment was rendered show *192 the deprivation of legal rights of the litigant who seeks relief; and (2) when the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983); Goodson v. Sills, 470 So.2d 966, 968 (La.App. 1st Cir.1985). The definition of ill practice is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive defendant of some legal right, and where enforcement thereof would be unconscionable. Kem Search, 434 So.2d at 1070.
However, an action under article 2004 is not a substitute for an appeal. Goodson, 470 So.2d at 969. A party seeking annulment must show that he was deprived of the opportunity to defend the lawsuit by some fraud or ill practice of the opposing party; he must allege and prove facts which would excuse his failure to plead any defense that he might have had. Johnson v. Jones-Journet, 320 So.2d 533, 537 (La.1975); Spencer v. Carroll, 506 So. 2d 616, 617 (La.App. 4th Cir.1987). The absence of a valid and sufficient reason for a party's failure to defend a suit in which a default judgment has been taken when defenses could and should have been pleaded precludes that party from later maintaining an action for nullity of the judgment based on fraud or ill practices based on those defenses. State, Department of Health & Human Resources v. Beauchamp, 473 So. 2d 323, 326 (La.App. 1st Cir.1985).
In this case, counsel for defendants alleged in the petition for nullity that he failed to answer timely because of "a heavy case load, matters pending in other courts, etc." Defendants further aver in the petition for nullity that the default judgment is "certainly technically and procedurally correct." Defendants' only basis for their claim of nullity, as conceded by defendants' counsel at trial, is their allegation that Mrs. Phillips' testimony was incomplete and incorrect. Defendants' contention that it was their understanding that the funds involved were gifts and not loans may have been a viable defense in the trial court, but defendants' failure to assert that defense timely in the trial court does not render the judgment one obtained by fraud or ill practice. The fact that a plaintiff presents merely his own version of the controversy at a default judgment hearing and fails to disclose a contrary position or view held by the defendant does not constitute fraud or ill practice, provided he does not present his contentions based on false, fabricated, or perjured testimony. Beauchamp, 473 So.2d at 326. "No court may legally set aside and avoid a judgment by default, confirmed in strict conformity with all the requirements of law, in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such an action would be in furtherance of justice." Raphiel v. Louisiana Railway & Navigation Co., 99 So. 459, 461 (La.1920). Furthermore, as noted by the Louisiana Supreme Court in Johnson, 320 So.2d at 537, "it hardly seems unconscionable or inequitable to disallow [defendants'] belated complaint" when defendants were personally served in the original suit and afforded the opportunity to appear and urge their defenses.
Defendants failed to prove that the original judgment was obtained by any fraud or ill practice, and thus the trial court erred in annulling the judgment. We therefore reverse. All costs of this appeal are to be paid by defendants Gussie Patin and Augusta Armstead.
REVERSED.
NOTES
[1] Plaintiffs also filed an exception to the unauthorized use of summary proceeding, but that exception was waived by consent of the parties.
[2] We note that the original default judgment, the judgment overruling the exception of no cause of action, and the judgment of nullity were each rendered by a different judge.