GAUDIN, Judge.
This is an appeal by Mrs. Joan Verdun Michelli from a March 20,1987 judgment of the 24th Judicial District Court which:
(1) overruled Mrs. Michelli’s exceptions to a suit for nullity filed by Gasper T. Michelli Jr.,
(2) proclaimed the 1971 marriage of Mrs. Michelli to Mr. Michelli to be an absolute nullity,
(3) found that neither Mr. or Mrs. Mi-chelli was without fault in the breakup of their putative marriage, and
(4) declared that neither was entitled to post-annulment alimony.
Mrs. Michelli, on appeal, argues that the trial judge erred in allowing a collateral attack on a prior and final district court judgment and in finding that her fault was a contributing cause of her marriage breakdown. We agree with Mrs. Michelli’s first contention, that the collateral attack was procedurally improper. We cannot say, however, that the trial judge’s finding of contributing fault on Mrs. Michelli’s part was not supported by the record and testimony.
The Michellis were originally married on May 12, 1956. In 1968, Mr. Michelli filed for divorce because of his wife’s alleged adultery with a corespondent identified as Albert Grasso. Mr. Michelli obtained a divorce.
Mrs. Michelli thereafter married Mr. Grasso although LSA-C.C. art. 161 then prohibited a divorced party from marrying a named corespondent. In 1970, Mrs. Mi-chelli’s marriage to Mr. Grasso was validated by the Louisiana legislature. By special act, all marriages entered into in contravention of Act. 161 were declared valid.
Nonetheless, in 1971 Mrs. Michelli filed suit to nullify her marriage to Mr. Grasso. Neither Mrs. Michelli nor her attorney was aware that the grounds for nullity — i.e., the Art. 161 prohibition — no longer existed. The district court granted the annulment on July 23,1971. No appeal was taken and this judgment, taken by default, became final.
On August 5,1971, Mr. and Mrs. Michelli remarried and lived together as man and wife until May, 1986. On June 24, 1986, Mrs. Michelli petitioned for a legal separation because of Mr. Michelli’s alleged abandonment and cruelty.
Mr. Michelli, in a separate proceeding, filed suit on July 25, 1986 seeking a nullity of his marriage to Mrs. Michelli contending that she was legally married to Mr. Grasso when she in bad faith married Mr. Michelli in August, 1971. Mr. Michel-li’s sole and obvious reason for the nullity action was his attempt to avoid having to pay alimony. Mr. Grasso was neither named a defendant nor served with a copy of the petition. In due course, Mr. Michel-li’s nullity action was consolidated with Mrs. Michelli’s separation suit and tried jointly.
Mrs. Michelli filed exceptions of no cause or right of action and res judicata to Mr. Michelli’s nullity petition. She argued, unsuccessfully, that Grasso v. Grasso was final and that it cannot be annulled because of an error of law. She cited Levy v. Stelly, 254 So.2d 665 (La.App. 4th Cir.1971), writs refused at 256 So.2d 289 (La.1972) and Goodson v. Sills, 470 So.2d 966 (La.App. 1st Cir.1985).
Mr. Michelli contended in the district court, as he does now, that the judgment in Grasso v. Grasso was patently defective and absolutely null. It matters not, Mr. *361 Michelli states, whether Mr. Grasso may be adversely affected by the voiding of the judgment annulling his marriage to Mrs. Michelli.
LSA-C.C.P. art. 2001 says that final judgments may be nullified for vices of form or substance. LSA-C.C.P. art. 2002 deals with vices of form and provides for annulment of final judgments if rendered:
“(1) Against an incompetent person not represented as required by law.
“(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
“(3) By a court which does not have jurisdiction over the subject matter of the suit.”
The judgment in Grasso v. Grasso does not fall into any of the Art. 2002 categories. LSA-C.C.P. art. 2004 is concerned with vices of substance and states that:
“A final judgment obtained by fraud or ill practices may be annulled.”
The Grasso v. Grasso decree was not the result of any fraud or ill practice, certainly not the result of any fraud or ill practices perpetrated on Mr. Michelli.
We conclude, therefore, that the trial judge should not have permitted the collateral and belated attack on the Grasso v. Grasso judgment. We have considered the cases relied on by Mr. Michelli, particularly Succession of Ziifle, 441 So.2d 266 (La.App. 5th Cir., 1983); Franz v. Franz, 315 So.2d 79 (La.App. 4th Cir., 1975); and Quick Finance Service, Inc. v. Youngblood, 243 So.2d 321 (La.App. 4th Cir., 1971). None of these cases has facts pertinent to the instant issues. Ziifle dealt with a default taken after an answer had been filed while the holdings in Franz and Quick Finance are similarity inapplicable.
In Goodson v. Sills, supra, there was legal error involved in the taking of the default judgment. However, the First Circuit stated:
“Assuming ... that the original judgment was legally wrong, it cannot be annulled simply for that reason.”
The Grasso v. Grasso default, although based on an error of law, was otherwise property taken and therefore excluded from the scope of Art. 2002(2). On its face, the judgment is in order.
Mr. Michelli has neither stated a sufficient statutory reason for annulling the Grasso v. Grasso decree nor has he shown that the judicial maintenance and/or enforcement of this decree would be unconscionable or inequitable. In fact, whatever equities exist appear to be in favor of the Grasso v. Grasso parties, certainty Mr. Grasso who may well have remarried and subsequently fathered a child or children. The record is silent with regard to Mr. Grasso’s marital endeavors after July, 1971.
In any event, we hold that an error of law in the obtaining of a judgment by default is not alone grounds for an Art. 2002 annulment, particularly if the person trying to annul a 15-year-old domestic judgment was not involved or interested in the proceedings. Mrs. Michelli was free to marry Mr. Michelli in 1971, and this marriage was legal and not putative.
Turning to the finding of mutual fault, we note that the record of this two-day hearing contains testimony for and against both Mr. and Mrs. Michelli. Mrs. Michelli testified that Mr. Michelli’s indecent behavior with the couple’s two young daughters caused the marriage to dissolve, but there was compelling testimony that Mrs. Michelli’s major complaint about Mr. Michelli was his refusal to sign over stock in the Michelli business to her.
Mr. Michelli denied any indiscretions involving his daughters and it is clear that the trial judge believed him.
A trial judge’s findings of fact are entitled to considerable weight. Only if the findings are clearly wrong should they be disturbed. Here, the record supports the finding of mutual fault.
For these reasons, we reverse and set aside those portions of the March 20, 1987 *362 district court judgment which (1) nullified the Grasso v. Grosso judgment and (2) voided the 1971 marriage of Mr. and Mrs. Michelli, declaring said marriage to be only putative. We affirm that part of the March 20, 1987 judgment finding mutual fault for the separation.
This matter is remanded to the 24th Judicial District Court for further and appropriate proceedings.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.