NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-152


ROBERT GASPARD, ET AL.

VERSUS

GILLEY RAM, ET AL.


**********

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-17628
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, John D. Saunders, and Elizabeth A. Pickett, Judges.

**ANNULLED AND SET ASIDE; REMANDED.**


Frederick L. Cappel
Kevin J. Koenig
Raggio, Cappel, Chozen & Berniard
1011 Lakeshore Dr., 5th Floor
Lake Charles, LA 70601
Counsel for Defendant/Appellant:
    Sookdeo Ramkhalawan, a/k/a Gilley Ram

**Robert E. Morgan**
**Attorney at Law**
**125 W. School St.**
**Lake Charles, LA 70605-1611**
**Counsel for Plaintiffs/Appellees:**
    **Robert Gaspard**
    **John McRay**
    **Romeo Laurel**

**Pickett, J.**

The defendant, Gilley Ram, appeals a judgment of the trial court confirming a default judgment in favor of the plaintiffs, Robert Gaspard, John McRay, and Romeo Laurel, and against Sookdeo Ramkhalawan, Ramkhalawan, Inc. (d/b/a Ram, Inc.), and Gilley Ram, in solido, granting the plaintiffs $805,557.00 for damage sustained to their property during Hurricane Rita. We annul and set aside the judgment of the trial court and remand the case for further proceedings.

## FACTS

In June 2005, Ramkhalawan, Inc. purchased four vessels, former Russian trawlers, from Sallie McCall, Inc. for $75,000.00 per vessel, or a total of $300,000.00. The vessels were purchased "as is, where is." At the time of the sale, all four vessels were resting in the mud on the east bank of the Calcasieu River, north of Cameron and had been so located for approximately six years. During August and September of 2005, two hurricanes hit the Louisiana coast, Hurricaines Katrina and Rita. Hurricane Katrina hit the eastern portion of the coast in August; and Hurricane Rita hit the western portion of the coast in September. During Hurricane Rita one of the ex-trawlers broke free from its moorings and allegedly damaged and/or destroyed property belonging to the plaintiffs. The plaintiffs filed suit against Sookdeo Ramkhalawan, Ramkhalawan, Inc. (d/b/a Ram, Inc.), and Gilley Ram. A default judgment was taken and a confirmation hearing was held on May 23, 2007. The final judgment was signed June 22, 2007. This appeal by Gilley Ram , who is also known as Sookdeo Ramkhalawan, followed.

1

## LAW AND DISCUSSION

The law concerning default judgments is well settled and was recently discussed by our colleagues of the fourth circuit in *Cunningham v. M & S Marine, Inc.*, 05-805, pp. 2-5 (La.App. 4 Cir. 1/11/06), 923 So.2d 770, 772-74:

> "A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." La. C.C.P. art. 1702(A). Construing the prima facie case requirement of Article 1702, the Louisiana Supreme Court in *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254 (La.1993), stated:
>
> > In order for a plaintiff to obtain a default judgment, "he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." *Thibodeaux v. Burton*, 538 So.2d 1001, 1004 (La.1989); *Blue Bonnet Creamery, Inc. v. Simon*, 243 La. 683, 146 So.2d 162, 166 (1962). "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." *Thibodeaux*, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim.
>
> > 616 So.2d at 1258.
>
> In reviewing a default judgment, an appellate court is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. *Rhodes v. All Star Ford, Inc.*, 599 So.2d 812, 813 (La.App. 1 Cir.1992).
>
> Confirming a default judgment is akin to a trial at which only the plaintiff is present. 1 Frank L. Maraist & Harry T. Lemmon, *Louisiana Civil Law Treatise: Civil Procedure* § 12.3 (1999). At such trial, the unopposed plaintiff must comply with a set of special, somewhat strict rules in proving his claim. 19 Frank L. Maraist, *Louisiana Civil Law Treatise: Evidence and Proof* § 2.9 (1999). The following special rules are pertinent to the present case.
>
> First, the plaintiff is confined to the facts and the theories pled in his petition; he may not expand his pleadings by introducing evidence at the confirmation hearing. Thus, the plaintiff is precluded from obtaining a default judgment "different in kind from that demanded in

2

the petition." La. C.C.P. art. 1703; *see Spear v. Tran*, 96-1490 (La.App. 4 Cir. 9/18/96), 682 So.2d 267.  However, the Louisiana Supreme Court has held that "the pleadings which lead up to the demand, or prayer, upon which a default judgment is based are to be construed no more restrictively than pleadings suggestive of other judgments."  *Royal Furniture Co. of Baton Rouge, Inc. v. Benton*, 260 La. 527, 532, 256 So.2d 614, 616 (1972).

Second, "[b]ecause at a default confirmation there is no objecting party, . . . both plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence" that establishes a prima facie case.  George W. Pugh, Robert Force, Gerald A. Rault, Jr., and Kerry Triche, *Handbook on Louisiana Evidence Law* 639 (2003 ed.).  As a corollary, "[e]xcept as authorized by the Code of Civil Procedure Article 1702, or evidence that fits within one of the exceptions provided by [the Louisiana Evidence] Code, hearsay evidence is inadmissible to confirm a default."  *Id.*;  *see* La. C.E. art. 1101(A)(providing that "[e]xcept as otherwise provided by legislation, the provisions of this Code shall be applicable to the determination of fact . . . in proceedings to confirm a default.")

Third, depending on the nature of the plaintiff's demand, Article 1702 sets forth several exceptions to the rule against the use of hearsay evidence at the confirmation hearing.  One of those pertinent exceptions is that "[w]hen a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such [delictual] demand."  La. C.C.P. art. 1702(B)(2). Another pertinent exception is that "[w]hen the demand is based upon a claim for personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony."  La. C.C.P. art. 1702(D);  *see Smith v. Lewis*, 597 So.2d 1267 (La.App. 3 Cir.1992)(construing this provision to mean that a treating physician's affidavit that incorporates an attached narrative report is a "sworn narrative report of the treating physician" sufficient to establish a prima facie case).

Finally, a defendant against whom a default judgment is confirmed may not assert an affirmative defense on appeal.  Having failed to answer or defend the suit, a defendant cannot defeat the default judgment against it by asserting a defense on appeal.  *Galland v. National Union Fire Ins. Co. of Pittsburg, Pennsylvania*, 452 So.2d 397, 398-99 (La.App. 3 Cir.1984);  *Romero v. Sunseri*, 359 So.2d 305, 308 (La.App. 4 Cir.1978).

The record shows that the four vessels were sold to and owned by Ram, Inc. at the time Hurricane Rita made landfall. In their petition, the plaintiffs claim that their damage was caused by one of the vessels owned by the corporation. Louisiana Civil Code Article 24 provides (emphasis ours): "There are two kinds of persons: natural persons and juridical persons. A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a *corporation* or a partnership. *The personality of a juridical person is distinct from that of its members*." Thus, a corporation is a distinct legal entity, separate from the individuals who comprise it. The law provides that shareholders of a corporation "shall not be liable personally for any debt or liability of the corporation." La.R.S. 12:93(B). Therefore, *if* the plaintiffs' damages were caused by a vessel owned by Ram, Inc. because of the negligence of Ram, Inc. or because of a breach of some duty owed to the plaintiffs by the corporation, then it is the corporation which is liable.

There is no evidence that the appellant was acting in his individual capacity when he made the decision not to send men to help secure the vessel with cable. In fact, the evidence shows that all contact with the appellant was made in his capacity as an officer of the corporation and that he was acting on behalf of the corporation when his decision was made. Furthermore, the appellant had no individual ownership interest in the vessel. While we recognize that there are some limited circumstances in which an officer or a shareholder of a corporation may be held liable for the acts of a corporation the plaintiffs in this case failed to "establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." *Thibodeaux*, 538 So.2d at 1004. "In sum, the

4

plaintiffs failed to "present competent evidence that convinces the court that it is probable that [they] would prevail on a trial on the merits." *Id.*

Accordingly, for the reasons stated above, the default judgment against Gilley Ram, a/k/a Sookdeo Ramkhalawan, is annulled and set aside and the case remanded for further proceedings. All costs of this appeal are assessed against the plaintiffs, Robert Gaspard, John McRay, and Romeo Laurel.

**ANNULLED AND SET ASIDE; REMANDED.**

5